A CERTIFIED TRUE COPY

ATTEST

By Mecca Thompson on Apr 10, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 10, 2008**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AIR CRASH NEAR MEDAN, INDONESIA,
ON SEPTEMBER 5, 2005**

MDL No. 1925

FILED:  APRIL 10, 2008

08CV2358          CEM

**TRANSFER ORDER**

JUDGE GRADY

**Before the entire Panel**[*]: Common defendant The Boeing Co. (Boeing) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Northern District of Illinois. The defendant's motion encompasses six actions, four actions in the Northern District of Illinois and one action each in the Central District of California and Western District of Washington.

Another common defendant, United Technologies Corp., supports the motion. Plaintiffs in the Central District of California and Western District of Washington actions support centralization of their actions, but suggest the Western District of Washington as the transferee district; these plaintiffs also represent that plaintiffs in the Northern District of Illinois actions support centralization in the Western District of Washington.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of a Boeing model 737-200 aircraft equipped with Pratt & Whitney engines near Medan, Indonesia, on September 5, 2005. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Illinois stands out as an appropriate transferee forum. Four actions are already proceeding apace in this district, and the judge to whom we are assigning this litigation has developed familiarity with the issues as a result of presiding over pretrial proceedings in the actions pending before him for over a year. Also, the Northern District of Illinois is a geographically central forum located approximately midway between the defendants' relevant headquarters.

---

[*]  Judge Scirica took no part in the decision of this matter.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By  s/WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 28, 2008

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

**IN RE: AIR CRASH NEAR MEDAN, INDONESIA,**
**ON SEPTEMBER 5, 2005**                                    MDL No. 1925

## SCHEDULE A

<u>Central District of California</u>

Willy Kusumo, et al. v. The Boeing Co., et al., C.A. No. 2:07-5738 - 08CV2358

<u>Northern District of Illinois</u>

Andre Adiputra, et al. v. The Boeing Co., et al., C.A. No. 1:07-250
Purbo Justy Antoro, et al. v. The Boeing Co., et al., C.A. No. 1:07-1387
Xu Kai Zu, et al. v. The Boeing Co., et al., C.A. No. 1:07-4845
Nurandini Adi, et al. v. The Boeing Co., et al., C.A. No. 1:07-4954

<u>Western District of Washington</u>

Indra Laksono, et al. v. The Boeing Co., et al., C.A. No. 2:07-1907 - 08CV2359