

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535



**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

SHERRI R. CARTER
District Court Executive and
Clerk of Court

May 6, 2008

**FILED**

JUN MAY 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CW2358
Judge Grady

USDC Northern District of Illinois
2046 Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

**08C  2358**

Re:  MDL 1925        In Re:  Air Crash Near Medan , Indonesia on Sept 5, 2005

Transferor Civil Case No.  2:07-cv-5738-R(MANx)

Case Title:  Willy Kusumo et al v. The Boeing Company et al

Dear Sir/Madam:

An order having been made by the Judicial Panel on Multi-district Litigation transferring/ remanding the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with a copy of the order and a certified copy of the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Please use your Court's Pacer account
and password to access all e-filing
documents to our website:
http://ecf.cacd.uscourts.gov

Very truly yours,

Clerk, U.S. District Court

By  Phyllis Lopez 213-894-8990
Deputy Clerk

cc:  *All counsel of record*
     *Clerk, MDL Panel*

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and, if not already assigned,  we have assigned this matter the following case number: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

FILED

| A CERTIFIED TRUE COPY | 2008 APR 29   AM 11: 05 | UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |

A CERTIFIED TRUE COPY

ATTEST

By Mecca Thompson on Apr 10, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2008 APR 29   AM 11: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C   CALIF.
LOS ANGELES

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 10, 2008**

FILED
CLERK'S OFFICE

**IN RE: AIR CRASH NEAR MEDAN, INDONESIA,
ON SEPTEMBER 5, 2005**

**Willy Kusumo -v- The Boeing Co., et al.**

**CV07-5738 R (MANx)    TRANSFER ORDER**

MDL No. 1925
FILED:   APRIL 10, 2008
08CV2358              CEM
JUDGE GRADY

**Before the entire Panel**[*]: Common defendant The Boeing Co. (Boeing) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Northern District of Illinois. The defendant's motion encompasses six actions, four actions in the Northern District of Illinois and one action each in the Central District of California and Western District of Washington.

Another common defendant, United Technologies Corp., supports the motion. Plaintiffs in the Central District of California and Western District of Washington actions support centralization of their actions, but suggest the Western District of Washington as the transferee district; these plaintiffs also represent that plaintiffs in the Northern District of Illinois actions support centralization in the Western District of Washington.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of a Boeing model 737-200 aircraft equipped with Pratt & Whitney engines near Medan, Indonesia, on September 5, 2005. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Illinois stands out as an appropriate transferee forum. Four actions are already proceeding apace in this district, and the judge to whom we are assigning this litigation has developed familiarity with the issues as a result of presiding over pretrial proceedings in the actions pending before him for over a year. Also, the Northern District of Illinois is a geographically central forum located approximately midway between the defendants' relevant headquarters.

_____

[*]   Judge Scirica took no part in the ...

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 28, 2008

5/6/08

WILLIAM A. HAYNES

I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

1208

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

**IN RE: AIR CRASH NEAR MEDAN, INDONESIA,**
**ON SEPTEMBER 5, 2005**                                    MDL No. 1925

### SCHEDULE A

#### Central District of California

Willy Kusumo, et al. v. The Boeing Co., et al., C.A. No. 2:07-5738 -  08CV2358

#### Northern District of Illinois

Andre Adiputra, et al. v. The Boeing Co., et al., C.A. No. 1:07-250
Purbo Justy Antoro, et al. v. The Boeing Co., et al., C.A. No. 1:07-1387
Xu Kai Zu, et al. v. The Boeing Co., et al., C.A. No. 1:07-4845
Nurandini Adi, et al. v. The Boeing Co., et al., C.A. No. 1:07-4954

#### Western District of Washington

Indra Laksono, et al. v. The Boeing Co., et al., C.A. No. 2:07-1907 -  08CV2359

(MAN), CLOSED, DISCOVERY, TRANSFERRED

# 08C 2358

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-05738-R-MAN

Willy Kusumo et al v. The Boeing Company et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Margaret A. Nagle
Cause: 28:1332 Diversity-Airline Crash

Date Filed: 09/04/2007
Date Terminated: 04/29/2008
Jury Demand: Both
Nature of Suit: 315 Airplane Product
Liability
Jurisdiction: Diversity

## Plaintiff

**Willy Kusumo**
*as Personal Representative of the*
*Estate of Wilson Kusumo, deceased*

represented by **Curtis B Miner** 
Colson Hicks Eidson
225 Aragon Avenue
Coral Gables, FL 33134
305-476-7400
Email: curt@colson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lewis S Eidson**
Colson Hicks Eidson
225 Aragon Avenue
Coral Gables, FL 33134
305-476-7400
Email: mike@colson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



**Michelle M West**
Raymond Paul Johnson Law Offices
2121 Rosecrans Avenue
Suite 3400
El Segundo, CA 90245
310-246-9300
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raymond P Johnson**
Raymond Paul Johnson Law Offices
2121 Rosecrans Avenue Suite 3400
El Segundo, CA 90245
310-246-9300
Email: litigators@rpjlawcorp.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Piter Kusumo**                          represented by **Curtis B Miner**
*individually*                                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lewis S Eidson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michelle M West**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Raymond P Johnson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tjen Gui Nam**                          represented by **Curtis B Miner**
*individually*                                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lewis S Eidson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michelle M West**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Raymond P Johnson**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Boeing Company**                    represented by **Chung Hae Han**

*a Delaware corporation*

Perkins Coie
South Tower
1620 26th St, 6th Fl
Santa Monica, CA 90404
310-788-9900
Email: chan@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald A McIntire**
Perkins Coie
South Tower
1620 26th Street, 6th Floor
Santa Monica, CA 90404-4013
310-788-9900
Fax: 310-788-3399
Email: rmcintire@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Technologies Corp**
*a Delaware corporation*

represented by **Garth W Aubert**
Mendes & Mount
445 S. Figueroa Street 38th Floor
Los Angeles, CA 90071
213-955-7700
Email: garth.aubert@mendes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark R Irvine**
Mendes & Mount
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
213-955-7700
Email: mark.irvine@mendes.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sri Murni Djoko**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2007 | 1 | COMPLAINT against defendants The Boeing Company, United Technologies Corp, Sri Murni Djoko.(Filing fee $ 350 PAID) Jury Demanded., filed by plaintiffs Tjen Gui Nam, Willy Kusumo, Piter Kusumo.(ak) (Entered: 09/07/2007) |
| 09/04/2007 | | 20 DAY Summons Issued re Complaint - (Discovery)[1] as to The Boeing Company, United Technologies Corp, Sri Murni Djoko. (ak) |

| | | (Entered: 09/07/2007) |
|---|---|---|
| 09/04/2007 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Tjen Gui Nam, Willy Kusumo, Piter Kusumo. (ak) (Entered: 09/07/2007) |
| 09/04/2007 | | FAX number for Attorney Raymond P Johnson, Michelle M West is 310-640-1900. (ak) (Entered: 09/07/2007) |
| 09/04/2007 | | FAX number for Attorney Lewis S Eidson, Curtis B Miner is 305-476-7444. (ak) (Entered: 09/07/2007) |
| 09/04/2007 | | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Lewis S Eidson, Curtis B Miner for Plaintiffs Tjen Gui Nam, Willy Kusumo, Piter Kusumo. (ak) (Entered: 09/07/2007) |
| 09/05/2007 | 3 | NOLTICE TO COUNSEL ORDER by Judge Manuel L. Real,This case has been assigned to the calendar of Judge Manuel L. Real. Counsel are advised that the court expects strict compliance with the provisions of the local rules and the Federal Rules of civil procedure. NONCOMPLIANCE MAY LEAD TO THE IMPOSITIN OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADING AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION. (yc) (Entered: 09/10/2007) |
| 12/18/2007 | 4 | NOTICE of Appearance filed by attorney Chung Hae Han, Ronald A McIntire on behalf of Defendant The Boeing Company (shb) (Entered: 12/19/2007) |
| 12/18/2007 | 5 | NOTICE of MOTION TO TRANSFER FILED WITH JUDICIAL PANEL OF MULTIDISTRICT LITIGATION PURSUANT TO 28 USC SECTION 1407 filed by Defendant The Boeing Company. (shb) (Entered: 12/19/2007) |
| 12/18/2007 | 6 | APPLICATION OF NON-RESIDENT ATTORNEY Curtis B. Miner for Leave to Appear Pro Hac Vice. FEE PAID. filed by Plaintiffs Tjen Gui Nam, Willy Kusumo, Piter Kusumo. Lodged proposed order. (shb) (Entered: 12/20/2007) |
| 12/18/2007 | 7 | APPLICATION OF NON-RESIDENT ATTORNEY Lewis S Edison for Leave to Appear Pro Hac Vice. FEE PAID. filed by Plaintiffs Tjen Gui Nam, Willy Kusumo, Piter Kusumo. Lodged proposed order. (shb) (Entered: 12/20/2007) |
| 01/02/2008 | 8 | ORDER by Judge Manuel L. Real GRANTING APPLICATION OF NON-RESIDENT ATTORNEY Curtis B. Miner for Leave to Appear Pro Hac Vice. FEE PAID.[6] (shb) (Entered: 01/02/2008) |
| 01/02/2008 | 9 | ORDER by Judge Manuel L. Real GRANTING APPLICATION OF NON-RESIDENT ATTORNEY Lewis S Edison for Leave to Appear Pro Hac Vice. FEE PAID.[7] (shb) (Entered: 01/02/2008) |
| 01/16/2008 | 10 | ANSWER with JURY DEMAND *TO COMPLAINT FOR DAMAGES* filed by Defendant The Boeing Company.(Han, Chung) (Entered: 01/16/2008) |

| 01/16/2008 | 11 | PROOF OF SERVICE OF SERVICE filed by Defendant The Boeing Company, re Answer to Complaint (Discovery)10 *by MAIL* served on January 16, 2008. (Han, Chung) (Entered: 01/16/2008) |
|------------|----|---|
| 01/17/2008 | 12 | NOTICE OF FILING OF REPLY IN SUPPORT OF MOTION TO TRANSFER TO JUDICIAL PANEL OF MULTIDISTRICT LITIGATION PURSUANT TO 28 U.S.C. SECTION 1407 filed by DEFENDANT The Boeing Company. (Attachments: # 1 Exhibit Exhibit "A")(Han, Chung) (Entered: 01/17/2008) |
| 01/17/2008 | 13 | PROOF OF SERVICE filed by DEFENDANT The Boeing Company, re Notice (Other)12 *by MAIL* served on January 17, 2008. (Han, Chung) (Entered: 01/17/2008) |
| 01/24/2008 | 14 | FIRST STIPULATION Extending Time to Answer the complaint as to United Technologies Corp answer now due 2/19/2008, filed by Defendant United Technologies Corp.(Irvine, Mark) (Entered: 01/24/2008) |
| 01/24/2008 | 15 | Certification and Notice of Interested Parties filed by Defendant United Technologies Corp. (Irvine, Mark) (Entered: 01/24/2008) |
| 01/29/2008 | 16 | NOTICE OF DISCREPANCY AND ORDER: by Judge Manuel L. Real, ORDERING Notice of filing response to Boeing Motion to transfer; affidavit of service; proof of serivce summons and complaint submitted received on 1/28/2008 is not to be filed but instead rejected. Denial based on: Pursuant to G.O. 07-08 Case is Designated for Electronic Filing. (pj) (Entered: 01/31/2008) |
| 02/14/2008 | 17 | PROOF OF SERVICE Executed by Plaintiffs Willy Kusumo, upon United Technologies Corp served on 1/2/2008, answer due 2/19/2008. Original Summons No. (Johnson, Raymond) (Entered: 02/14/2008) |
| 02/14/2008 | 18 | PROOF OF SERVICE Executed by Plaintiffs Willy Kusumo, upon United Technologies Corp served on 12/28/2007, answer due 2/19/2008. The Summons and Complaint were served by Personal service, by State statute, upon C.T. Corporation System. Due Dilligence declaration No. Original Summons No. (Johnson, Raymond) (Entered: 02/14/2008) |
| 02/14/2008 | 19 | PROOF OF SERVICE Executed by Plaintiffs Willy Kusumo, upon The Boeing Company served on 12/28/2007, answer due 1/17/2008. The Summons and Complaint were served by Personal service, by State statute, upon Becky DeGeorge. Due Dilligence declaration No. Original Summons No. (Johnson, Raymond) (Entered: 02/14/2008) |
| 02/14/2008 | 20 | NOTICE of Filing Response to Boeing's Motion to Transfer With Judicial Panel on Multidistrict Litigation filed by Plaintiffs Willy Kusumo. (Johnson, Raymond) (Entered: 02/14/2008) |
| 02/19/2008 | 21 | ANSWER *to Plaintiffs' Complaint* filed by Defendant United Technologies Corp.(Irvine, Mark) (Entered: 02/19/2008) |
| 02/19/2008 |    | FAX number for Attorney Garth W Aubert, Mark R Irvine is 213-955-7725. (shb) (Entered: 02/20/2008) |

| 04/29/2008 | 22 | TRANSFER ORDER from the Judicial Panel on Multi-District Litigation MDL 1925, transferring case to USDC Northern District of Illinois assigned to Judge John F Grady, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (pj) (Entered: 05/06/2008) |
| 05/06/2008 | 23 | Transfer Out Transmittal Letter. A certified copy of the docket sheet along with a a certified copy of Transfer Order from the MDL panel sent to USDC Northern District of Illinois at Chicago, IL on 5/6/2008. (pj) (Entered: 05/06/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/06/2008 10:26:32 | | | |
| PACER Login: | us3877 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-05738-R-MAN |
| Billable Pages: | 4 | Cost: | 0.32 |



1  Raymond Paul Johnson, Esq. — CA Bar No. 110784
   EMAIL: RPJOHNSON@RPJLAWCORP.COM
2  Michelle M. West, Esq. — CA Bar No. 228737
   EMAIL: MMWEST@RPJLAWCORP.COM
3  **RAYMOND PAUL JOHNSON, A LAW CORPORATION**
   2121 Rosecrans Avenue, Suite 3400
4  El Segundo, California 90245
   Telephone: (310) 246-9300 / Facsimile (310) 640-1900
5
   Lewis S. Eidson, Esq. — FLA Bar No. 151088
6  EMAIL: MIKE@COLSON.COM
   Curtis B. Miner, Esq. — FLA Bar No. 885681
7  EMAIL: CURT@COLSON.COM
   **COLSON HICKS EIDSON**
8  225 Aragon Avenue
   Coral Gables, Florida 33134
9  Telephone: (305) 476-7400 / Facsimile: (305) 476-7444

10 Attorneys for Plaintiffs
   PITER KUSUMO, TJEN GUI NAM
11 and WILLY KUSUMO

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15                                    **CV07-05738 R(MANx)**
                                      CASE NO. _____
16 WILLY KUSUMO, as Personal        )
   Representative of the Estate of  )
17 WILSON KUSUMO, Deceased;         )  **COMPLAINT FOR DAMAGES
   PITER KUSUMO, individually; and  )  AND DEMAND FOR JURY TRIAL**
18 TJEN GUI NAM, individually,      )
                                    )  1.  STRICT LIABILITY
19              Plaintiffs,          )  2.  NEGLIGENCE
                                    )  3.  SURVIVAL ACTION
20              vs.                  )      (C.C.P. § 377.20, *et seq.*)
                                    )  4.  WRONGFUL DEATH
21 THE BOEING COMPANY, a Delaware   )      (C.C.P. § 377.60, *et seq.*)
   corporation; UNITED TECHNOLOGIES )
22 CORP., a Delaware corporation; and)
   SRI MURNI DJOKO,                 )
23                                   )
                Defendants.          )
24 _____ )

25

26 ///

27 ///

28 ///

-1-

30350.001 [Final Complaint].wpd

1      COME NOW plaintiffs, PITER KUSUMO, individually; TJEN GUI NAM; individually;

2 and WILLY KUSUMO, as Personal Representative of the Estate of WILSON KUSUMO,

3 Deceased, and for causes of action complain against defendants, THE BOEING COMPANY and

4 UNITED TECHNOLOGIES CORP., and allege as follows:

5

6                          **GENERAL ALLEGATIONS**

7      1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

8 1369(a), as this action involves at least minimal diversity between the adverse parties and arises from

9 a single accident, where at least 75 natural persons died in the accident at a discrete location. This

10 Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the Plaintiffs and the

11 Defendants are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of

12 interest and costs.

13      2.      Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a).

14      3.      This is an action for damages arising from the September 5, 2005 crash of a Boeing

15 737-200 aircraft designed and manufactured by defendant The Boeing Company ("Boeing") that was

16 utilizing engines designed and manufactured by the Pratt & Whitney division of defendant United

17 Technologies Corp. ("UTC"). The aircraft was being operated by Mandala Airlines as Flight 91, and

18 crashed moments after attempting takeoff from an airport in Medan, Indonesia.

19      4.      Plaintiffs are surviving family members and the personal representative of the estate

20 of a passenger who perished in the crash of the Boeing aircraft. The Plaintiffs seek to hold these U.S.

21 corporations liable for negligence and strict products liability as a result of the negligent design and

22 manufacture of their products that contributed to this crash and caused the wrongful death of her

23 family member.

24      5.      Decedent WILSON KUSUMO died as a result of injuries received in the crash of

25 Mandala Airways Flight 91 on September 5, 2005. WILSON KUSUMO left no surviving children.

26      6.      Plaintiff PITER KUSUMO is the natural father of decedent WILSON KUSUMO.

27 Plaintiff TJEN GUI NAM is the natural mother of decedent WILSON KUSUMO. Plaintiffs PITER

28 KUSUMO and TJEN GUI NAM are alien citizens and reside in the Republic of Indonesia. Pursuant

30350.001 [Final Complaint].wpd

1     to the operation of Code of Civil Procedure section 377.60, plaintiffs PITER KUSUMO and TJEN

2     GUI NAM are lawfully entitled to assert a cause of action for the wrongful death of decedent

3     WILSON KUSUMO.

4          7.      Plaintiff WILLY KUSUMO is a lawful citizen of the United States and resides in

5     Rosemead, Los Angeles County, California. WILLY KUSUMO is the sister of WILSON KUSUMO,

6     who died in the crash of Mandala Airways Flight, and the attorney-in-fact for plaintiffs PITER

7     KUSUMO and TJEN GUI NAM. Decedent WILSON KUSUMO's parents, plaintiffs PITER

8     KUSUMO and TJEN GUI NAM, have executed a power of attorney authorizing their daughter Willy

9     KUSUMO to bring this action for wrongful death of WILSON KUSUMO on their behalf.

10        8.      Plaintiffs PITER KUSUMO and TJEN GUI NAM are beneficiaries of the Estate of

11     WILSON KUSUMO. Pursuant to the operation of Code of Civil Procedure section 377.10,

12     plaintiffs PITER KUSUMO and TJEN GUI NAM lawfully succeed to the causes of action held by

13     decedent WILSON KUSUMO at the time of his death.

14        9.      Plaintiff WILLY KUSUMO was, is and/or will be the duly appointed administrator

15     or executor of the Estate of WILSON KUSUMO. Plaintiff WILLY KUSUMO is the personal

16     representative of decedent WILSON KUSUMO as defined in Code of Civil Procedure section

17     377.11.

18       10.     Pursuant to the operation of Code of Civil Procedure section 377.30, plaintiff WILLY

19     KUSUMO is the person lawfully entitled to commence this action upon the causes of action that

20     were held by decedent WILSON KUSUMO before his death and which survive his death. No other

21     person has a superior right to commence this action or to be substituted for decedent WILSON

22     KUSUMO in this action.

23       11.     Defendant SRI MURNI DJOKO is the lawful spouse of decedent WILSON

24     KUSUMO. SRI MURNI DJOKO is an alien citizen and resides in the Republic of Indonesia.

25     Pursuant to the operation of Code of Civil Procedure section 377.60, defendant SRI MURNI DJOKO

26     is a person lawfully entitled to assert a cause of action for the wrongful death of decedent WILSON

27     KUSUMO.

28     / / /

1       12.    Defendant SRI MURNI DJOKO is a necessary party to this action for wrongful death,

2 but she has not given her consent to be joined as a plaintiff in this action. SRI MURNI DJOKO is

3 therefore named in this complaint and joined in this action pursuant to Code of Civil Procedure

4 section 382 and the Federal Rules of Civil Procedure, Rule 19, as a nominal defendant heir only.

5       13.    Defendant THE BOEING COMPANY ("Boeing") is a Delaware corporation with

6 its corporate headquarters in Chicago, Cook County, Illinois.

7       14.    Defendant UNITED TECHNOLOGIES CORPORATION ("UTC") is a Delaware

8 corporation with its corporate headquarters in East Hartford, Hartford County, Connecticut. The

9 engines on the subject Boeing 737 aircraft, were designed, manufactured and supported by UTC's

10 Pratt & Whitney division in East Hartford, Connecticut.

11       15.    Boeing is subject to personal jurisdiction in this Court, because it is registered to do

12 business in the State of California and has a number of offices in the State of California, and has in

13 the past and continues to engage in substantial and not isolated business activity on a continuous and

14 systematic basis in the State of California. Plaintiffs are informed and believe and thereon allege that

15 defendant Boeing is licensed to do business and doing business in the State of California, including

16 the County of Los Angeles

17       16.    UTC is subject to personal jurisdiction in this District, because it is registered to do

18 business in the State of California and has a number of offices in the State of California, and it has

19 in the past and continues to engage in substantial and not isolated business activity on a continuous

20 and systematic basis in the State of California. Plaintiffs are informed and believe and thereon allege

21 that defendant UTC is licensed to do business and doing business in the State of California, including

22 the County of Los Angeles.

23       17.    On September 5, 2005, a Boeing 737-230 airplane (serial #22136), operated as

24 Mandala Airlines Flight 91, with registration PK-RIM, crashed moments after attempting to take off

25 from Medan-Polonia International Airport in Sumatra, Indonesia. During the takeoff sequence, the

26 Boeing aircraft lifted to a limited extent off the runway, made contact with runway again before its

27 end, and then ran approximately 400-500 meters beyond the runway into a densely-populated

28 residential area, where it broke apart and erupted in fire.

-4-

1       18.     There were 117 passengers and crew members on board the Boeing aircraft. 96 of

2  the passengers and all of the 5 crew members were killed in the accident. 16 passengers survived

3  the accident with serious injuries. On the ground, 44 people were killed as a result of the accident,

4  and a substantial number seriously injured.

5       19.     A team from the U.S. National Transportation Safety Board ("NTSB") assisted in the

6  investigation of the crash, and defendant Boeing and Pratt & Whitney sent advisors. Both "black

7  boxes" (the Flight Data Recorder and the Cockpit Voice Recorder) were recovered from the

8  wreckage and sent to the United States for analysis. While no formal accident investigation report

9  has been released, investigators have publicly stated that they "discovered signs of engine problems,"

10  and that they had identified a "fuel problem on the engine," among other things.

11

12                      **FIRST CAUSE OF ACTION**

13                   **AGAINST ALL DEFENDANTS**

14                    **FOR STRICT LIABILITY**

15       20.     Plaintiffs incorporate here by reference paragraphs 1 through 19 of this Complaint,

16  and repeat all assertions and allegations of said paragraphs as though set forth here in full.

17       21.     Defendant Boeing designed, manufactured, tested, inspected, marketed, distributed,

18  sold, installed, modified, serviced, maintained, repaired and/or otherwise placed into the stream of

19  commerce the subject Boeing 737-230.

20       22.     On September 5, 2005, the Plaintiff's decedent was aboard the aforesaid aircraft and

21  being transported on the said flight when the aircraft crashed into a residential neighborhood killing

22  the aforesaid Plaintiff's decedent.

23       23.     At the time the said aircraft left the control of defendant Boeing, said aircraft was

24  defective, not fit for its intended purposes and unreasonably dangerous, including in the design,

25  manufacture, warning and instructions related to its fuel delivery system, its engines and its engine

26  controls system in one or more of the following ways:

27       a)     the aircraft was incapable of take-off with asymmetrical loss of engine power
                   above "$V_1$ speed" and at or near the maximum takeoff weight allowed with

28                   use of Pratt & Whitney JT8D-15A model engines;

b)    the aircraft contained a main fuel pump that was designed in a manner and manufactured with material that allowed unreasonable and excessive spline wear on the main fuel pump control shaft;

c)    the aircraft failed to contain proper and adequate instructions for safe recovery of the aircraft during take-off when an asymmetrical loss of engine power above "$V_1$ speed" occurs and the airplane is at or near the maximum take off weight ("MTOW") allowed with use of Pratt & Whitney JT8D-15A model engines;

d)    the aircraft had engine controls systems that caused single or dual engine failure on takeoff and/or were inadequate to allow recovery or control of the aircraft after dual engine failure;

e)    the aircraft failed to contain proper and adequate warnings on these dangerous conditions inherent in its design and operation; and/or

f)    the aircraft was otherwise defective by nature of its design, manufacture and/or assembly.

24.    As a direct and proximate result of the foregoing condition of the Boeing airplane, the airplane was caused to, and did, crash during an attempted takeoff at the Medan-Polonia Airport in Medan, Indonesia, and as a consequence thereof, the Plaintiff's decedent was killed.

25.    As a legal consequence of all of the foregoing, the subject Boeing 737-230 aircraft was dangerously defective because said aircraft failed to perform as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

26.    As a further legal consequence of all of the foregoing, the subject Boeing 737-230 aircraft was dangerously defective because the benefits of the design of said aircraft did not outweigh the risk of danger inherent in the design of the subject Boeing 737-230 aircraft.

27.    In addition, the aforementioned acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard by defendant Boeing was done by employees of said defendant, with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendant Boeing.

28.    The aforementioned acts, omissions, despicable conduct, and malfeasance were done by defendant Boeing with malice and in conscious disregard of the rights and safety of others.

29.    Plaintiffs are informed and believe and thereupon allege that information in the possession of defendant Boeing regarding the defective and dangerous condition of the subject Boeing 737-230 airplane moved upward through the structure of management to a point where

1  corporate policy was formulated.

2      30.    The corporate policymakers and other persons who exercised discretionary authority

3  and were authorized to make corporate policy on behalf of defendant Boeing were in fact aware of

4  risks to the safety of others posed by the defective and dangerous condition of the subject Boeing

5  737-230 airplane, and consciously and deliberately chose not to take any corrective action

6      31.    The entire corporate organization of defendant Boeing acted despicably, with malice

7  and in willful and conscious disregard of the rights and safety of others, in that persons in the

8  management structure of defendant Boeing wherein corporate policy was formulated decided to

9  proceed with the design, production, manufacture and marketing of the subject Boeing 737-230

10  airplane despite knowledge of the defective and dangerous condition of said airplane.

11      32.    Authorized persons within the corporate hierarchy of defendant Boeing acted

12  despicably, with malice and in willful and conscious disregard of the rights and safety of others, in

13  that corporate policymakers and other persons who exercised discretionary authority and were

14  authorized to make corporate policy decisions on behalf of defendant Boeing did in fact compromise

15  consumer safety by reducing costs and/or expediting production of the subject Boeing 737-230

16  airplane in willful and conscious disregard of consumer safety.

17      33.    Defendant UTC designed, manufactured, tested, inspected, marketed, distributed,

18  sold, installed, modified, serviced, maintained, repaired and/or otherwise placed into the stream of

19  commerce the Pratt & Whitney JT8D-15 engines installed on the subject Boeing 737-230.

20      34.    On September 5, 2005, Plaintiff's decedent was aboard the subject Boeing 737-200

21  aircraft using the subject engines and being transported on the said flight when the aircraft crashed

22  into a residential neighborhood killing the Plaintiff's decedent.

23      35.    At the time the subject engines left the control of defendant UTC, said engines were

24  defective, not fit for its intended purposes and unreasonably dangerous, including in the design,

25  manufacture, warning and instructions related to their fuel delivery system and control systems.

26      36.    As a direct and proximate result of the foregoing condition of the subject engines, the

27  airplane was caused to, and did, crash during an attempted take-off at the Medan-Polonia Airport in

28  Medan, Indonesia, and as a consequence thereof, the Plaintiff's decedent was killed.

-7-

1    37.    As a legal consequence of all of the foregoing, the subject Pratt & Whitney JT8D-15
2    engines were dangerously defective because said engines failed to perform as an ordinary consumer
3    would expect when used in an intended and reasonably foreseeable manner.

4    38.    As a further legal consequence of all of the foregoing, the subject Pratt & Whitney
5    JT8D-15 engines were dangerously defective because the benefits of the design of said engines did
6    not outweigh the risk of danger inherent in the design of the subject Pratt & Whitney JT8D-15
7    engines.

8    39.    In addition, the aforementioned acts, omissions, negligence, malfeasance,
9    nonfeasance, despicable conduct, and conscious disregard by defendant UTC was done by employees
10   of said defendant, with the advance knowledge, authorization, approval, participation or ratification
11   of the officers, directors and/or managing agents of defendant UTC.

12   40.    The aforementioned acts, omissions, despicable conduct, and malfeasance were done
13   by defendant UTC with malice and in conscious disregard of the rights and safety of others.

14   41.    Plaintiffs are informed and believe and thereupon allege that information in the
15   possession of defendant UTC regarding the defective and dangerous condition of the subject Pratt
16   & Whitney JT8D-15 engines moved upward through the structure of management to a point where
17   corporate policy was formulated.

18   42.    The corporate policymakers and other persons who exercised discretionary authority
19   and were authorized to make corporate policy on behalf of defendant UTC were in fact aware of risks
20   to the safety of others posed by the defective and dangerous condition of the subject Pratt & Whitney
21   JT8D-15 engines, and consciously and deliberately chose not to take any corrective action

22   43.    The entire corporate organization of defendant UTC acted despicably, with malice and
23   in willful and conscious disregard of the rights and safety of others, in that persons in the
24   management structure of defendant UTC wherein corporate policy was formulated decided to
25   proceed with the design, production, manufacture and marketing of the subject Pratt & Whitney
26   JT8D-15 engines despite knowledge of the defective and dangerous condition of said engines

27   44.    Authorized persons within the corporate hierarchy of defendant UTC acted
28   despicably, with malice and in willful and conscious disregard of the rights and safety of others, in

-8-

1    that corporate policymakers and other persons who exercised discretionary authority and were

2    authorized to make corporate policy decisions on behalf of defendant UTC did in fact compromise

3    consumer safety by reducing costs and/or expediting production of the subject Pratt & Whitney

4    JT8D-15 engines airplane in willful and conscious disregard of consumer safety.

5        45.    As a direct, legal and proximate result of the aforementioned defects, failure to

6    maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

7    omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

8    and conscious disregard for the safety of others by all defendants, and each of them, decedent

9    WILSON KUSUMO was injured and subsequently died as a result of his injuries.

10        46.    As a direct, legal and proximate result of the aforementioned defects, failure to

11    maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

12    omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

13    and conscious disregard for the safety of others by all defendants, and each of them, decedent

14    WILSON KUSUMO incurred and suffered conscious pain and suffering and excruciating physical

15    and mental pain and distress prior to his death.

16        47.    As a direct, legal and proximate result of the aforementioned defects, failure to

17    maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

18    omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

19    and conscious disregard for the safety of others by all defendants, and each of them, decedent

20    WILSON KUSUMO suffered and sustained injuries, harm and losses prior to his death, including

21    loss and damage to valuable tangible items of personal property and other compensable damages

22    within the jurisdiction of this court.

23        48.    Plaintiffs further assert that the aforementioned despicable conduct, malice, fraud and

24    conscious disregard for the safety of others by defendants Boeing and UTC, and each of them, and

25    the pecuniary losses, personal injuries and other damages thereby incurred and suffered by decedent

26    WILSON KUSUMO prior to the time of his death, justifies an award of exemplary damages against

27    defendants Boeing and UTC, and each of them, and in favor of the Estate of WILSON KUSUMO

28    in an amount properly calculated to punish said defendants for their despicable conduct, malice, fraud

1  and conscious disregard for the safety of others, and to deter any such despicable conduct, malice,

2  fraud and conscious disregard for the safety of others in the future.

3

4                          **SECOND CAUSE OF ACTION**

5                          **AGAINST ALL DEFENDANTS**

6                             **FOR NEGLIGENCE**

7       49.     Plaintiffs incorporate here by reference paragraphs 1 through 48 of this Complaint,

8  and repeat all assertions and allegations of said paragraphs as though set forth here in full.

9       50.     At all times material, defendant Boeing had a duty to use the highest degree of care

10  in designing, manufacturing, modifying, testing, marketing, selling, supporting, servicing, repairing

11  and/or maintaining the subject Boeing 737-230 aircraft.

12      51.     Subsequent to its original sale of the aforesaid aircraft, defendant Boeing continued

13  to provide customer support for said aircraft, including alert service bulletins, service bulletins,

14  technical advisories, aircraft parts, engineering and training personnel and other like customer

15  support services.

16      52.     It was the duty of defendant Boeing to exercise a reasonable degree of care in its

17  conduct so as not to cause injury to the person of the Plaintiff's decedent, and defendant Boeing

18  owed further duties arising from Federal Air Regulations and the Type Certificate related to the 737-

19  200 model aircraft, including the design, manufacture, warning and instructions of and related to its

20  fuel delivery system and engine controls system.

21      53.     At the time the said aircraft left the control of defendant Boeing, said aircraft was

22  defective, not fit for its intended purposes and unreasonably dangerous, including in the design,

23  manufacture, warning and instructions related to its fuel delivery system, its engines and its engine

24  controls system in one or more of the following ways:

25        a)     the aircraft was incapable of take-off with asymmetrical loss of engine power
                  above "$V_1$ speed" and at or near the maximum takeoff weight allowed with

26                  use of Pratt & Whitney JT8D-15A model engines;

27        b)     the aircraft contained a main fuel pump that was designed in a manner and
                  manufactured with material that allowed unreasonable and excessive spline

28                  wear on the main fuel pump control shaft;

1     c)     the aircraft failed to contain proper and adequate instructions for safe recovery
of the aircraft during take-off when an asymmetrical loss of engine power
2           above "$V_1$ speed" occurs and the airplane is at or near the maximum take off
weight ("MTOW") allowed with use of Pratt & Whitney JT8D-15A model
3           engines;

4     d)     the aircraft had engine controls systems that caused single or dual engine
failure on takeoff and/or were inadequate to allow recovery or control of the
5           aircraft after dual engine failure;

6     e)     the aircraft failed to contain proper and adequate warnings on these dangerous
conditions inherent in its design and operation; and/or
7

    f)     the aircraft was otherwise defective by nature of its design, manufacture
8           and/or assembly.

9     54.     As a direct and proximate result of the breach of duty by defendant Boeing, the subject

10 aircraft was caused to and did crash during an attempted take off at the Polonia Airport in Medan,

11 Indonesia, and as a consequence thereof, the Plaintiff's decedent was killed. If defendant Boeing had

12 properly designed, manufactured, modified, repaired, maintained, supported, inspected and/or tested

13 the subject aircraft and all component parts installed on the subject aircraft, and/or provided adequate

14 training, warnings or information regarding the design defects of the subject aircraft, the accident

15 would have been avoided.

16     55.     In addition, the aforementioned acts, omissions, negligence, malfeasance,

17 nonfeasance, despicable conduct, and conscious disregard by defendant Boeing was done by

18 employees of said defendant, with the advance knowledge, authorization, approval, participation or

19 ratification of the officers, directors and/or managing agents of defendant Boeing.

20     56.     The aforementioned acts, omissions, despicable conduct, and malfeasance were done

21 by defendant Boeing with malice and in conscious disregard of the rights and safety of others.

22     57.     Plaintiffs are informed and believe and thereupon allege that information in the

23 possession of defendant Boeing regarding the defective and dangerous condition of the subject

24 Boeing 737-230 airplane moved upward through the structure of management to a point where

25 corporate policy was formulated.

26     58.     The corporate policymakers and other persons who exercised discretionary authority

27 and were authorized to make corporate policy on behalf of defendant Boeing were in fact aware of

28 risks to the safety of others posed by the defective and dangerous condition of the subject Boeing

1 | 737-230 airplane, and consciously and deliberately chose not to take any corrective action

2 |     59.    The entire corporate organization of defendant Boeing acted despicably, with malice
3 | and in willful and conscious disregard of the rights and safety of others, in that persons in the
4 | management structure of defendant Boeing wherein corporate policy was formulated decided to
5 | proceed with the design, production, manufacture and marketing of the subject Boeing 737-230
6 | airplane despite knowledge of the defective and dangerous condition of said airplane.

7 |     60.    Authorized persons within the corporate hierarchy of defendant Boeing acted
8 | despicably, with malice and in willful and conscious disregard of the rights and safety of others, in
9 | that corporate policymakers and other persons who exercised discretionary authority and were
10 | authorized to make corporate policy decisions on behalf of defendant Boeing did in fact compromise
11 | consumer safety by reducing costs and/or expediting production of the subject Boeing 737-230
12 | airplane in willful and conscious disregard of consumer safety.

13 |     61.    At all times material, defendant UTC had a duty to use the highest degree of care in
14 | designing, manufacturing, modifying, testing, marketing, selling, supporting, servicing, repairing
15 | and/or maintaining the subject Pratt & Whitney JT8D-15 engines.

16 |     62.    Subsequent to its original sale of the aforesaid engines, defendant UTC continued to
17 | provide customer support for said engines, including alert service bulletins, service bulletins,
18 | technical advisories, aircraft parts, engineering and training personnel and other like customer
19 | support services.

20 |     63.    On September 5, 2005, and/or prior thereto, defendant UTC breached its duty of care
21 | to Plaintiff's decedent by negligently and carelessly designing, manufacturing, assembling and/or
22 | placing into the stream of commerce engines that were defective, including in the design,
23 | manufacture, warning and instructions related to their fuel delivery system and control systems.

24 |     64.    As a direct and proximate result of the breach of duty by defendant UTC, the subject
25 | aircraft was caused to and did crash during an attempted take off at the Polonia Airport in Medan,
26 | Indonesia, and as a consequence thereof, the Plaintiff's decedent was killed. If defendant UTC had
27 | properly designed, manufactured, modified, repaired, maintained, supported, inspected and/or tested
28 | the subject engines and all component parts installed on the subject engines, and/or provided

-12-

1  adequate training, warnings or information regarding the design defects of the subject engines, the
2  subject accident would have been avoided.

3      65.   In addition, the aforementioned acts, omissions, negligence, malfeasance,
4  nonfeasance, despicable conduct, and conscious disregard by defendant UTC was done by employees
5  of said defendant, with the advance knowledge, authorization, approval, participation or ratification
6  of the officers, directors and/or managing agents of defendant UTC.

7      66.   The aforementioned acts, omissions, despicable conduct, and malfeasance were done
8  by defendant UTC with malice and in conscious disregard of the rights and safety of others.

9      67.   Plaintiffs are informed and believe and thereupon allege that information in the
10  possession of defendant UTC regarding the defective and dangerous condition of the subject Pratt
11  & Whitney JT8D-15 engines moved upward through the structure of management to a point where
12  corporate policy was formulated.

13      68.   The corporate policymakers and other persons who exercised discretionary authority
14  and were authorized to make corporate policy on behalf of defendant UTC were in fact aware of risks
15  to the safety of others posed by the defective and dangerous condition of the subject Pratt & Whitney
16  JT8D-15 engines, and consciously and deliberately chose not to take any corrective action

17      69.   The entire corporate organization of defendant UTC acted despicably, with malice and
18  in willful and conscious disregard of the rights and safety of others, in that persons in the
19  management structure of defendant UTC wherein corporate policy was formulated decided to
20  proceed with the design, production, manufacture and marketing of the subject Pratt & Whitney
21  JT8D-15 engines despite knowledge of the defective and dangerous condition of said engines

22      70.   Authorized persons within the corporate hierarchy of defendant UTC acted
23  despicably, with malice and in willful and conscious disregard of the rights and safety of others, in
24  that corporate policymakers and other persons who exercised discretionary authority and were
25  authorized to make corporate policy decisions on behalf of defendant UTC did in fact compromise
26  consumer safety by reducing costs and/or expediting production of the subject Pratt & Whitney
27  JT8D-15 engines airplane in willful and conscious disregard of consumer safety.

28  ///

-13-

1       71.     As a direct, legal and proximate result of the aforementioned defects, failure to

2  maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

3  omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

4  and conscious disregard for the safety of others by all defendants, and each of them, decedent

5  WILSON KUSUMO was injured and subsequently died as a result of his injuries.

6       72.     As a direct, legal and proximate result of the aforementioned defects, failure to

7  maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

8  omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

9  and conscious disregard for the safety of others by all defendants, and each of them, decedent

10  WILSON KUSUMO incurred and suffered conscious pain and suffering and excruciating physical

11  and mental pain and distress prior to his death.

12      73.     As a direct, legal and proximate result of the aforementioned defects, failure to

13  maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts,

14  omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud

15  and conscious disregard for the safety of others by all defendants, and each of them, decedent

16  WILSON KUSUMO suffered and sustained injuries, harm and losses prior to his death, including

17  loss and damage to valuable tangible items of personal property and other compensable damages

18  within the jurisdiction of this court.

19      74.     Plaintiffs further assert that the aforementioned despicable conduct, malice, fraud and

20  conscious disregard for the safety of others by defendants Boeing and UTC, and each of them, and

21  the pecuniary losses, personal injuries and other damages thereby incurred and suffered by decedent

22  WILSON KUSUMO prior to the time of his death, justifies an award of exemplary damages against

23  defendants Boeing and UTC, and each of them, and in favor of the Estate of WILSON KUSUMO

24  in an amount properly calculated to punish said defendants for their despicable conduct, malice, fraud

25  and conscious disregard for the safety of others, and to deter any such despicable conduct, malice,

26  fraud and conscious disregard for the safety of others in the future.

27  ///

28  ///

-14-

1

**THIRD CAUSE OF ACTION**

2

**AGAINST ALL DEFENDANTS**

3

**FOR CONTINUATION OF DECEDENT'S CAUSES OF ACTION**

4

**(SURVIVAL ACTION)**

5  75.   Plaintiffs incorporate here by reference paragraphs 1 through 74 of this Complaint,

6  and repeat all assertions and allegations of said paragraphs as though set forth here in full.

7  76.   On September 5, 2005 WILSON KUSUMO was fatally injured in the above-described

8  airplane crash.  Prior to the time of his death on September 5, 2005, decedent WILSON KUSUMO

9  had valuable claims and causes of action against all defendants herein, as described above in this

10  Complaint, which decedent would have asserted if he had lived.

11  77.   Decedent WILSON KUSUMO did not die instantly from his injuries caused by the

12  defective Boeing 737-230 aircraft and subject Pratt & Whitney JT8D-15 engines, but survived his

13  injuries for a substantial period of time.

14  78.   Prior to the time of his death, decedent WILSON KUSUMO sustained severe personal

15  injuries which resulted in conscious pain and suffering.  Decedent WILSON KUSUMO suffered

16  excruciating physical and mental pain and distress as a result of injuries prior to his death, including

17  thermal burns and smoke inhalation due to the aircraft crash.

18  79.   Valuable tangible items of personal property belonging to decedent WILSON

19  KUSUMO were damaged and/or lost as a result of the airplane crash a substantial period of time

20  prior to his death. Consequently a substantial interval elapsed between the time of injuries to

21  decedent WILSON KUSUMO and his property, and the time of his death.

22  80.   Decedent WILSON KUSUMO died after the foregoing causes of action arose in his

23  favor, but prior to the filing of this Complaint.

24  81.   Plaintiffs PITER KUSUMO and TJEN GUI NAM are beneficiaries of the Estate of

25  WILSON KUSUMO. Pursuant to the operation of Code of Civil Procedure section 377.10, plaintiffs

26  PITER KUSUMO and TJEN GUI NAM lawfully succeed to the causes of action held by decedent

27  WILSON KUSUMO at the time of his death.

28  ///

-15-

30350.001 [Final Complaint].wpd

82.    Plaintiff WILLY KUSUMO was, is and/or will be the duly appointed administrator or executor of the Estate of WILSON KUSUMO.  Plaintiff WILLY KUSUMO is the personal representative of decedent WILSON KUSUMO as defined in Code of Civil Procedure section 377.11.

83.    Pursuant to the operation of Code of Civil Procedure section 377.30, plaintiff WILLY KUSUMO is the person lawfully entitled to commence this action upon the causes of action that were held by WILSON KUSUMO before his death and which survive his death.

84.    As a direct, legal and proximate result of the aforementioned defects, failure to maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts, omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud and conscious disregard for the safety of others by all defendants, and each of them, decedent WILSON KUSUMO incurred and suffered conscious pain and suffering and excruciating physical and mental pain and distress prior to his death.

85.    As a direct, legal and proximate result of the aforementioned defects, failure to maintain, failure to warn, breaches of express warranty, breaches of implied warranty, acts, omissions, negligence, carelessness, malfeasance, nonfeasance, despicable conduct, malice, fraud and conscious disregard for the safety of others by all defendants, and each of them, decedent WILSON KUSUMO suffered and sustained injuries, harm and losses prior to his death, including loss and damage to valuable tangible items of personal property and other compensable damages within the jurisdiction of this court.

86.    Plaintiffs further assert that the aforementioned despicable conduct, malice, fraud and conscious disregard for the safety of others by defendants Boeing and UTC, and each of them, and the pecuniary losses, personal injuries and other damages thereby incurred and suffered by decedent WILSON KUSUMO prior to the time of his death, justifies an award of exemplary damages against defendants Boeing and UTC, and each of them, and in favor of the Estate of WILSON KUSUMO in an amount properly calculated to punish said defendants for their despicable conduct, malice, fraud and conscious disregard for the safety of others, and to deter any such despicable conduct, malice, fraud and conscious disregard for the safety of others in the future.

30350.001 [Final Complaint].wpd

1

2

3

**FOURTH CAUSE OF ACTION**

**AGAINST ALL DEFENDANTS**

**FOR WRONGFUL DEATH**

4      87.    Plaintiffs incorporate here by reference paragraphs 1 through 86 of this Complaint,

5   and repeat all assertions and allegations of said paragraphs as though set forth here in full.

6      88.    Plaintiffs PITER KUSUMO and TJEN GUI NAM are the surviving lawful parents

7   of decedent WILSON KUSUMO.  Pursuant to the operation of Code of Civil Procedure section

8   377.60, plaintiffs PITER KUSUMO and TJEN GUI NAM are lawfully entitled to assert a cause of

9   action for the wrongful death of WILSON KUSUMO.

10     89.    At all relevant times prior to his death on September 5, 2005, decedent WILSON

11  KUSUMO was a loving, loyal, dutiful and devoted son to his lawful parents, plaintiffs PITER

12  KUSUMO and TJEN GUI NAM.

13     90.    At all relevant times prior to the death of decedent WILSON KUSUMO on September

14  5, 2005, plaintiffs PITER KUSUMO and TJEN GUI NAM received and were continuing to receive

15  material support and other valuable financial benefits from WILSON KUSUMO.  At all relevant

16  times prior to his death, decedent WILSON KUSUMO had significant earning capacity, was

17  industrious, thrifty and disposed to contribute to the material support of his parents, plaintiffs PITER

18  KUSUMO and TJEN GUI NAM.

19     91.    At all relevant times herein, plaintiffs PITER KUSUMO and TJEN GUI NAM

20  expected to receive and would have continued to receive material support and other valuable

21  financial benefits from decedent WILSON KUSUMO if he had lived.

22     92.    On or about September 5, 2005, as a direct, proximate and legal result of the

23  aforementioned defects, failure to maintain, failure to warn, breaches of express warranty, breaches

24  of implied warranty, acts, omissions, negligence, carelessness, malfeasance, nonfeasance, despicable

25  conduct, malice, fraud and conscious disregard for the safety of others by all defendants, and each

26  of them, decedent WILSON KUSUMO was fatally injured and died.

27  / / /

28  / / /

1          93.     As a direct, legal and proximate result of the death of WILSON KUSUMO wrongfully

2 caused by the aforementioned defects, failure to maintain, failure to warn, breaches of express

3 warranty, breaches of implied warranty, acts, omissions, negligence, carelessness, malfeasance,

4 nonfeasance, despicable conduct, malice, fraud and conscious disregard for the safety of others by

5 all defendants, and each of them, plaintiffs PITER KUSUMO and TJEN GUI NAM have suffered

6 and will continue to suffer loss of the love, companionship, comfort, care, assistance, protection,

7 affection society and moral support of their lawful son, decedent WILSON KUSUMO.

8          94.     As a direct, legal and proximate result of the death of WILSON KUSUMO wrongfully

9 caused by the aforementioned defects, failure to maintain, failure to warn, breaches of express

10 warranty, breaches of implied warranty, acts, omissions, negligence, carelessness, malfeasance,

11 nonfeasance, despicable conduct, malice, fraud and conscious disregard for the safety of others by

12 all defendants, and each of them, plaintiffs PITER KUSUMO and TJEN GUI NAM have suffered

13 and will continue to suffer loss of the material support of their lawful son, decedent WILSON

14 KUSUMO.

15          95.     As a direct, legal and proximate result of the death of WILSON KUSUMO wrongfully

16 caused by the aforementioned defects, failure to maintain, failure to warn, breaches of express

17 warranty, breaches of implied warranty, acts, omissions, negligence, carelessness, malfeasance,

18 nonfeasance, despicable conduct, malice, fraud and conscious disregard for the safety of others by

19 all defendants, and each of them, plaintiffs PITER KUSUMO and TJEN GUI NAM have suffered

20 and incurred funeral, burial and incidental expenses on behalf of their lawful son, decedent WILSON

21 KUSUMO.

22

23          WHEREFORE, plaintiffs pray for judgment against all defendants, and each of them, as

24 follows:

25          1.     For general damages, including personal injuries, conscious pain and suffering, and

26 excruciating physical and mental pain and distress incurred and suffered by decedent WILSON

27 KUSUMO prior to his death, in an amount exceeding the jurisdictional limits of this court and

28 according to proof at trial;

2.      For further general damages, including loss to plaintiffs PITER KUSUMO and TJEN GUI NAM of the love, companionship, comfort, care, assistance, protection, affection society and moral support of their lawful son, decedent WILSON KUSUMO, in an amount exceeding the jurisdictional limits of this court and according to proof at trial;

3.      For further general damages, including loss to plaintiffs PITER KUSUMO and TJEN GUI NAM of the material support of their lawful son, decedent WILSON KUSUMO, in an amount exceeding the jurisdictional limits of this court and according to proof at trial;

4.      For further general damages, including all other damages for the wrongful death of decedent WILSON KUSUMO that under all of the circumstances of this case may be just, as provided for pursuant to Code of Civil Procedure section 377.61;

5.      For special damages incurred and suffered by decedent WILSON KUSUMO prior to his death, including loss and damage to valuable tangible items of personal property and other compensable damages as provided for pursuant to Code of Civil Procedure section 377.34, in an amount exceeding the jurisdictional limits of this court and according to proof at trial;

6.      For special damages, including funeral, burial and incidental expenses incurred on behalf of decedent WILSON KUSUMO, in an amount exceeding the jurisdictional limits of this court and according to proof at trial;

7.      For costs of suit incurred herein;

8.      For interest as provided by law;

9.      For such other and further relief, including but not limited to attorney's fees, as the court may deem just and proper;

10.     For an award of exemplary damages, in an amount properly calculated to punish defendants Boeing and UTC, and each of them, for their despicable conduct, malice, fraud and conscious disregard for the safety of others, and to deter any such despicable conduct, malice, fraud and conscious disregard for the safety of others in the future.

/ / /

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2
Plaintiffs demand a trial by jury of all issues triable as of right by a jury.

3

4
Respectfully submitted,

5
DATED: September 3, 2007

6

7
RAYMOND PAUL JOHNSON, A LAW CORPORATION

8
*AND*

9
COLSON HICKS EIDSON

10

11
By:

Raymond Paul Johnson ✦ Lewis S. Eidson
Curtis B. Miner ✦ Michelle M. West
12
Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30350.001 [Final Complaint].wpd

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
# 08C 2358

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV07- 5738 R (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> WILLY KUSUMO, as Personal Representative of the Estate of <br> WILSON KUSUMO, Deceased; PITER KUSUMO, individually; and <br> TJEN GUI NAM, individually | **DEFENDANTS** <br> THE BOEING COMPANY, a Delaware corporation; UNITED <br> TECHNOLOGIES CORP., a Delaware corporation; and <br> SRI MURNI DJOKO |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Cook County, Illinois |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing <br> yourself, provide same.) <br> Raymond Paul Johnson, A Law Corporation <br> 2121 Rosecrans Avenue, Suite 3400 <br> El Segundo, California 90245 <br> Telephone: (310) 246-9300 / Facsimile (310) 640-1900 | Attorneys (If Known) <br><br> # 08C 2358 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a diversity action under 28 U.S.C. s 1332(a) and 28 U.S.C. s 1369(a).
Plaintiffs' causes of action are for strict liability, negligence, survival action and wrongful death.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities /Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Act <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Info. Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise <br><br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☑ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Fed. Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury-Med Malpractice <br> ☐ 365 Personal Injury-Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability | **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability <br><br> ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 445 American with Disabilities - Employment <br> ☐ 446 American with Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus/Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br><br> ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety /Health <br> ☐ 690 Other <br><br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br><br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:**    Case Number: _____

CV07-05738

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

#### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s): U.S.D.C. - N.D. Illinois Case No. 07 C 0250;  U.S.D.C. - N.D. Illinois Case No. 07 CV 1387

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiff Willy Kusumo resides in Los Angeles County, California.
Plaintiff Piter Kusumo resides in the Republic of Indonesia.
Plaintiff Tjen Gui Nam resides in the Republic of Indonesia.

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant The Boeing Company resides in Cook County, Illinois.
Defendant United Technologies Corp. resides in Hartford County, Connecticut.
Defendant Sri Murni Djoko resides in the Republic of Indonesia.

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Plaintiffs' claims for strict liability, negligence, survival action and wrongful death arose in the Republic of Indonesia.

X. SIGNATURE OF ATTORNEY (OR PRO PER)  Date  September 3, 2007

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Raymond Paul Johnson (SBN 110784)
Michelle M. West (SBN 228737)
Raymond Paul Johnson, A Law Corporation
2121 Rosecrans Avenue, Suite 3400
El Segundo, California 90245
Tel. (310) 246-9300 / Fax (310) 640-1900

# 08C 2358

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY KUSUMO, as Personal Representative of the Estate of WILSON KUSUMO, Deceased; PITER KUSUMO, individually; and TJEN GUI NAM, individually      PLAINTIFF(S) <br> v. <br> THE BOEING COMPANY, a Delaware corporation; UNITED TECHNOLOGIES CORP., a Delaware corporation; and SRI MURNI DJOKO, <br><br> DEFENDANT(S) | CASE NUMBER <br><br> **CV07-05738 R(MANx)** <br><br><br> **SUMMONS** |

**FOR OFFICE USE ONLY**

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Raymond Paul Johnson
_____, whose address is:

2121 Rosecrans Avenue, Suite 3400
El Segundo, California 90245

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within _20_ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

**FOR OFFICE USE ONLY**

Clerk, U.S. District Court

Dated:    **SEP  4 2007**   _____

By: _Kendra Bradsha_  SEAL
          Deputy Clerk
          (Seal of the Court)

DOCKETED ON CM

SEP - 7 2007

BY _____ 186

CV-01A (01/01)                                      SUMMONS

ORIGINAL

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Raymond Paul Johnson, Esq. — CA Bar No. 110784
email: RPJohnson@rpjlawcorp.com
Michelle M. West, Esq. — CA Bar No. 228737
email: MMWest@rpjlawcorp.com
Raymond Paul Johnson, A Law Corporation
2121 Rosecrans Avenue, Suite 3400
El Segundo, California 90245
Telephone: (310) 246-9300 / Facsimile (310) 640-1900

ATTORNEYS FOR  Plaintiffs WILLY KUSUMO, et al.

08C  2358

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY KUSUMO, as Personal Representative of the Estate of WILSON KUSUMO, Deceased, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>THE BOEING COMPANY, a Delaware corporation, et al.<br><br>Defendant(s) | CASE NUMBER **CV07-05738R(MANx)**<br><br>**CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |

TO:   THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Plaintiffs Willy Kusumo, Piter Kusumo and Tjen Gui Nam
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| Plaintiff Willy Kusumo | Sister of decedent Wilson Kusumo and Personal Representative of decedent's Estate |
| Plaintiff Piter Kusumo | Father of decedent Wilson Kusumo, beneficiary of decedent's Estate and real party in interest in claims for wrongful death |
| Plaintiff Tjen Gui Nam | Mother of decedent Wilson Kusumo, beneficiary of decedent's Estate and real party in interest in claims for wrongful death |
| Nominal defendant heir Sri Murni Djoko | Wife of decedent Wilson Kusumo, beneficiary of decedent's Estate and real party in interest in claims for wrongful death |
| Defendant The Boeing Company | Defendant in claims for the wrongful death of Wilson Kusumo and survival claims by decedent's Estate |
| Defendant United Technologies Corp. | Defendant in claims for the wrongful death of Wilson Kusumo and survival claims by decedent's Estate |
| Pratt & Whitney | Corporate subsidiary and/or division of defendant United Technologies Corp. |

9/3/07
Date

Sign

DOCKETED ON CM

SEP - 7 2007

Raymond Paul Johnson
Attorney of record for or party appearing in pro per

186

Lewis S Eidson
Colson Hicks Eidson
225 Aragon Avenue
Coral Gables, Florida 33134

# 08C 2358

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Willy Kusumo | | CASE NUMBER |
| --- | --- | --- |
| | PLAINTIFF(S) | 2:07-cv-05738 |
| v. | | |
| The Boeing Company | | **NOTICE OF** |
| | | ☐ **Filing Fee Due on Pro Hac Vice Application** |
| | DEFENDANT(S). | ☑ **Pro Hac Vice Application and Filing Fee Due** |

To: Lewis S Eidson 305-476-7400

Please take notice that:

☐ Your *Pro Hac Vice* application, filed / lodged on _____ has been filed and granted by the court. As of today's date, the court has not yet received the application fee of $185.00. Please remit the fee and this notice immediately.

☐ Your *Pro Hac Vice* application has not been received by the court. Please return your completed application (form enclosed) along with the $185.00 fee and this notice immediately.

Please complete the **"Return"** portion of this form and return it and your fee in the form of a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, made checks payable to "U.S. District Court". The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued. Mail fee and/or application to:

Clerk, U.S. District Court
Attn: Fiscal
312 N. Spring Street, Rm. G-8
Los Angeles, CA 90012

DOCKETED ON CM

SEP - 7 2007

Clerk, U. S. District Court

September 7, 2007
Date

By Andrea Kannike
Deputy Clerk

BY

**NOTE:** *The Judge to whom this case is assigned will be notified if the fee, completed application or notification of active membership in the Central District of California or proof of payment is not received within thirty (30) days of the date of this notice.*

## RETURN

Please check applicable box and return this notice with referenced documentation and/or fee.:

☐ I am currently an active member of the California State Bar and am enclosing an admission application for the United States District Court, Central District of California, and the fee instead of the *pro hac vice* application. Application for admission may be obtained from the court's website at www.cacd.uscourts.gov. Please include your California State Bar number on all subsequent documents filed (Local Rule 11-3.8).
☐ I am an active member of the bar for the United States District Court, Central District of California. My California State Bar number is _____. *(Note: Only if this section applies to you, please fax this to the Attorney Admission Clerk at (213) 894-2342).*
☐ My *pro hac vice* fee of $185.00 is enclosed.
☐ My *pro hac vice* application and fee are enclosed.
☐ My *pro hac vice* application is enclosed. The fee is not enclosed because I am an attorney for the United States, _____ *(please indicate the department or agency name).*
☐ My *pro hac vice* fee was previously paid. *(Please fax proof of payment to the Fiscal Section at (213) 894-4535.)*

CV-109 (07/06)     **NOTICE OF FILING FEE DUE UPON PRO HAC VICE APPLICATION**

Curtis B Miner
Colson Hicks Eidson
225 Aragon Avenue
Coral Gables, Florida 33134

## 0 3 C   2358

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willy Kusumo<br><br>                                    PLAINTIFF(S)<br>v.<br>The Boeing Company<br><br>                                    DEFENDANT(S). | **CASE NUMBER**<br><br>2:07-cv-05738<br><br>**NOTICE OF**<br>☐ **Filing Fee Due on Pro Hac Vice Application**<br>☑ **Pro Hac Vice Application and Filing Fee Due** |

To: Curtis B Miner 305-476-7400

Please take notice that:

☐ Your *Pro Hac Vice* application, filed / lodged on _____ has been filed and granted by the court. As of today's date, the court has not yet received the application fee of $185.00. Please remit the fee and this notice immediately.

☑ Your *Pro Hac Vice* application has not been received by the court. Please return your completed application (form enclosed) along with the $185.00 fee and this notice immediately.

Please complete the **"Return"** portion of this form and return it and your fee in the form of a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, made checks payable to "U.S. District Court". The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued. Mail fee and/or application to:

> Clerk, U.S. District Court
> Attn: Fiscal
> 312 N. Spring Street, Rm. G-8
> Los Angeles, CA 90012

DOCKETED ON CM
SEP - 7 2007
BY

Clerk, U. S. District Court

_September 7, 2007_                                    By _Andrea Kaning_ BY
Date                                                   Deputy Clerk

**NOTE:**   *The judge to whom this case is assigned will be notified if the fee, completed application or notification of active membership in the Central District of California or proof of payment is not received within thirty (30) days of the date of this notice.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
## RETURN

Please check applicable box and return this notice with referenced documentation and/or fee.:

☐ I am currently an active member of the California State Bar and am enclosing an admission application for the United States District Court, Central District of California, and the fee instead of the *pro hac vice* application. Application for admission may be obtained from the court's website at www.cacd.uscourts.gov. Please include your California State Bar number on all subsequent documents filed (Local Rule 11-3.8).

☐ I am an active member of the bar for the United States District Court, Central District of California. My California State Bar number is _____. *(Note: Only if this section applies to you, please fax this to the Attorney Admission Clerk at (213) 894-2342).*

☐ My *pro hac vice* fee of $185.00 is enclosed.

☐ My *pro hac vice* application and fee are enclosed.

☐ My *pro hac vice* application is enclosed. The fee is not enclosed because I am an attorney for the United States, _____ *(please indicate the department or agency name).*

☐ My *pro hac vice* fee was previously paid. *(Please fax proof of payment to the Fiscal Section at (213) 894-4535.*

CV-109 (07/06)                    NOTICE OF FILING FEE DUE UPON PRO HAC VICE APPLICATION

Send



FILED
CLERK, U.S. DISTRICT COURT

SEP - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Willy Kusumo etc et al )
Plaintiff(s), )
)
v. )
The Boeing Co et al )
)
Defendant(s). )

08C 2358

CV- 07-5738-R

NOTICE TO COUNSEL

DOCKETED ON CM

3

============================================================

This case has been assigned to the calendar of Judge Manuel L. Real.

Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION.

The attention of counsel is particularly directed to Local Rule 16. Counsel should also be guided by the following special requirements when litigating cases assigned to Judge Real:

1. **INTERROGATORIES**: See Local Rules.

2. **MOTIONS**: Motions shall be heard on the first and third

NOTICE TO COUNSEL                                                PAGE 2
=================================================================
Monday of each month at 10:00 A.M., unless otherwise ordered by the Court. If the Monday is a national holiday, the succeeding Tuesday shall be the motion day.

3. <u>EX PARTE APPLICATIONS</u>: No hearing will be held unless deemed necessary by the Court; if the Court requires a hearing, the clerk will contact the parties and inform them of the date and time. In the moving papers' declaration of notification, the declarant shall state whether or not the application is opposed; if opposed, the declarant shall state that the opposing party was informed that the opposing party has twenty-four (24) hours from receipt of the papers to file its opposition. The matter will then stand submitted.

4. <u>CONTINUANCES</u>: Counsel requesting a continuance must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time, together with a proposed order. Stipulations, including those for second and subsequent extensions of time to respond to the complaint, are effective ONLY when approved by this Court. Any stipulation not in compliance with this order or the Local Rules will automatically be denied without further notice to the parties.

5. <u>CONFORMED COPIES</u>: Parties will receive conformed copies of filed documents only if extra copies and self-addressed stamped envelopes are submitted along with their lodged documents, or if they have signed up for the optical scanning program.

6. <u>REMOVED ACTIONS</u>: Any answers filed in state court must be refiled in this Court as a supplement to the petition. Any pending motions must be renoticed in accordance with Local Rule 7.

7. <u>WAIVED LOCAL RULES</u>: (Local Rule 16-14.1): settlement conferences are NOT mandatory; if the parties mutually agree to the holding of a settlement conference, they shall contact the clerk. (Local Rule 7-3): parties are NOT obligated to meet and confer, or file a declaration in connection thereto, for the purposes of preparing and filing dispositive motions (to dismiss, summary judgment, etc).

NOTICE TO COUNSEL                             **PAGE 3**

=======================================================

       8.    <u>FEDERAL RULE 26(f)</u>: This Court requires the following, and counsel are ORDERED to follow this outline: 30 days after the first answering defendant files a response to the complaint, the parties shall hold an early meeting, in person, for the purpose of making initial disclosures. Plaintiff's counsel shall have the duty of scheduling the meeting. The parties shall then file a Joint Report of Early Meeting within 14 days of the holding of the Early Meeting of Counsel. Counsel are informed that approximately 30 days after receipt of the Joint Report, this Court shall issue an Order setting the dates of the Final Pre-Trial Conference, and the Trial of the action.

This Court shall not set a "scheduling conference" or issue a "scheduling order" other than as set out previously in this section.

       9.    <u>NOTICE OF THIS ORDER</u>: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving this notice on defendant's counsel, and filing a proof of service with the notice attached as an exhibit with the Court. If this case came to the Court via a Noticed Removal, this burden falls to the removing defendant.

SEP - 5 2007

_____
Date

MANUEL L. REAL
U. S. DISTRICT JUDGE

1   Ronald A. McIntire (State Bar No. 127407)
    Chung H. Han (State Bar No. 191757)
2   **PERKINS COIE LLP**
    1620 26th Street, Sixth Floor, South Tower
3   Santa Monica, CA  90404-4013
    Tel.: 310.788.9900 / Fax:  310.788.3399
4   Email: RMcIntire@perkinscoie.com
    Email: CHan@perkinscoie.com
5
    Attorneys for Defendant
6   THE BOEING COMPANY        **08C   2358**
7
8                **UNITED STATES DISTRICT COURT**
9                **CENTRAL DISTRICT OF CALIFORNIA**
10

11  WILLY KUSUMO, as Personal           Case No. CV07-05738 R (MANx)
    Representative of the Estate of
12  WILSON KUSUMO, Deceased;            **NOTICE OF APPEARANCE OF**
    PITER KUSUMO, individually, and     **DEFENDANT THE BOEING**
13  TJEN GUI NAM, individually,         **COMPANY**

14              Plaintiffs,

15       v.

16  THE BOEING COMPANY, a
    Delaware corporation; UNITED
17  TECHNOLOGIES CORP., a Delaware
    corporation; and SRI MURNI DJOKO,
18
19              Defendants.

20       TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND

21  THEIR ATTORNEYS OF RECORD:

22       PLEASE TAKE NOTICE that defendant The Boeing Company hereby

23  appears in this action.

24  DATED:  December 18, 2007         **PERKINS COIE LLP**

25
26                                    By:
27                                       Chung H. Han
                                         Attorneys for Defendant
28                                       The Boeing Company

01038-4931/LEGAL13812175.1                -1-

NOTICE OF APPEARANCE OF DEFENDANT THE BOEING COMPANY

1                **PROOF OF SERVICE - MAIL**

2

3     STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4         I am and was at all times herein mentioned employed in the County of Los Angeles, State
of California. I am over the age of 18 years and not a party to the within action or proceeding.
5     My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

6

7         On December 18, 2007, I served a true copies of the following document(s): **NOTICE
OF APPEARANCE OF DEFENDANT THE BOEING COMPANY** on the interested

8 parties in this action by placing said documents enclosed in a sealed envelope (for collection and
mailing, with postage thereon fully prepaid, on the same date, following ordinary business
9 practices) in an internal collection basket, addressed as follows:

10     <u>Counsel for Plaintiffs</u>                                <u>Counsel for Defendant</u>
                                                       <u>United Technologies Corporation</u>

11     Raymond Paul Johnson, Esq.
    Michelle M. West, Esq.                                William F. DeYoung, Esq.
12     RAYMOND PAUL JOHNSON, A LAW         Loretto M. Kennedy, Esq.
    CORPORATION                                CHUHAK & TECSON
13     2121 Rosecrans Ave., Suite 3400             30 S. Wacker Dr., Suite 2600
    El Segundo, CA 90245                        Chicago, IL 60606
14     Tel.: (310) 246-9300 / Fax: (310) 640-1900    Tel.: (312) 444-9300 / Fax: (312) 444-9027

15

16     Lewis S. Eidson, Esq.
    Curtis B. Miner, Esq.
17     COLSON HICKS EIDSON
    225 Aragon Ave.
18     Coral Gables, FL 33134
    Tel.: (305) 476-7400 / Fax: (305) 476-7444

19

20         I am readily familiar with this business's practices concerning collection and processing of
correspondence for mailing with the United States Postal Service, and declare that
21 correspondence is deposited with the United States Postal Service on the same day it is internally
collected at Perkins Coie LLP in the ordinary course of business.

22         I declare under penalty of perjury under the laws of the State of California that the
23 foregoing is true and correct; that I am employed in the office of a member of the Bar of this
Court at whose direction this service was made; and that this Proof of Service was executed on
24 December 18, 2007, at Santa Monica, California.

25

26                          MICHELLE C. JACKSON

27

28

NOTICE OF APPEARANCE OF DEFENDANT THE BOEING COMPANY

1  Ronald A. McIntire (State Bar No. 127407)
   Chung H. Han (State Bar No. 191757)
2  **PERKINS COIE LLP**
   1620 26th Street, Sixth Floor, South Tower
3  Santa Monica, CA  90404-4013
   Tel.:  310.788.9900 / Fax:  310.788.3399
4  Email: RMcIntire@perkinscoie.com
   Email: CHan@perkinscoie.com
5
   Attorneys for Defendant
6  THE BOEING COMPANY

7

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 8 2007
4:09

CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11  WILLY KUSUMO, as Personal          Case No. CV07-05738 R (MANx)
    Representative of the Estate of
12  WILSON KUSUMO, Deceased;           **NOTICE OF MOTION TO**
    PITER KUSUMO, individually, and    **TRANSFER FILED WITH**
13  TJEN GUI NAM, individually,        **JUDICIAL PANEL OF**
                                       **MULTIDISTRICT LITIGATION**
14               Plaintiffs,           **PURSUANT TO 28 U.S.C. § 1407**

15          v.

16  THE BOEING COMPANY, a
    Delaware corporation; UNITED
17  TECHNOLOGIES CORP., a Delaware     **08C  2358**
    corporation; and SRI MURNI DJOKO,
18
19               Defendants.

20        TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND

21  THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on **Tuesday, December 18, 2007**, defendant

23  The Boeing Company filed with the Judicial Panel on Multidistrict Litigation a

24  Motion to Transfer for Coordinated or Consolidated Pre-Trial Proceedings Pursuant

25  to 28 U.S.C. § 1407 to transfer the above-captioned and other related cases for

26  consolidated or coordinated pretrial proceedings (the "motion").  Copies of the

27

28

01038-4931/LEGAL13812395.1              -1-

NOTICE OF MOTION TO TRANSFER

DEC 1 9 2007

1   motion and the supporting documents filed therewith are attached hereto as Exhibits

2   A through E.

3

4   DATED:  December 18, 2007                    **PERKINS COIE** LLP

5                                                By: _____

6                                                     Chung H. Han
                                                     Attorneys for Defendant
7                                                     The Boeing Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION TO TRANSFER

# EXHIBIT A

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

In Re:                                              | MDL Docket No. ____

AIR CRASH AT MEDAN, INDONESIA ON

SEPTEMBER 5, 2005

**THE BOEING COMPANY'S MOTION TO TRANSFER FOR COORDINATED OR**
**CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

The Boeing Company ("Boeing") moves this Panel, pursuant to 28 U.S.C. § 1407, to coordinate and consolidate the cases identified in the attached Schedule of Actions for pretrial proceedings in the United States District Court for the Northern District of Illinois. Centralization is warranted because these actions share common questions, because centralization would further the convenience of parties and witnesses, and because it would promote the efficient resolution of these actions. *See* 28 U.S.C. § 1407. In support of its Motion to Transfer, Boeing relies on the following facts as well as the concurrently filed brief in Support of Motion for Transfer and Coordination.

1.      On September 5, 2005, Mandala Airlines Flight 091, a Boeing 737-200, crashed into a nearby neighborhood after takeoff from the Medan, Indonesia airport (the "Accident"). Flight 91 was, like all Mandala flights, a domestic flight, scheduled for Jakarta, Indonesia. Mandala is an Indonesian airline that has never operated flights to or from the United States.

1

The Accident killed approximately 149 passengers, crewmembers, or persons on the ground; injured others; and damaged property in the affected Indonesian neighborhood. Almost all of those killed and injured were Indonesian citizens and residents. None were citizens or residents of the United States. Indonesia's National Transportation Safety Committee is responsible for the official investigation of the Accident.

2.      The accident aircraft was a 24-year-old Boeing model 737-200 aircraft equipped with two Pratt & Whitney model JT8D engines.[1] Boeing originally delivered the accident aircraft to its first owner in 1981; Mandala purchased the aircraft from its first owner in 1994. The engines were originally installed on aircraft in 1970 and 1981, respectively. The accident aircraft was registered in Indonesia and was inspected and certified as airworthy by the Indonesian Directorate of Civil Aviation.

3.      Following the Accident, the majority of survivors and decedents' representatives executed Releases settling these claims arising from the Accident. The language of each Release is nearly identical and includes language naming Boeing and UTC as "Releasees."[2] A copy of an exemplar Release is submitted herewith as Ex. A. Notwithstanding the Releases, Boeing has been named as a defendant in six lawsuits that have been filed in the United States and that are pending in three different federal district courts.

4.      A total of 228 plaintiffs have filed these six civil actions arising from the Accident in the United States. Of these, 186 plaintiffs seek damages on behalf of 96 decedents and the remainder base their claims on personal injury, property damage, and/or loss of consortium. Four of the lawsuits, filed by 186 of the plaintiffs, are pending in the Northern District of Illinois. One lawsuit, brought by three plaintiffs, is pending in the Central District of California; and the remaining lawsuit, brought by 39 plaintiffs, is pending in the Western

---

[1] Pratt & Whitney is an unincorporated division of United Technologies Corporation ("UTC") that designs and manufactures aircraft engines.

[2] The Releases actually name Pratt & Whitney and its "affiliates" as "Releasees." UTC is an "affiliate" of Pratt & Whitney.

2

4

District of Washington.  Nearly of the plaintiffs in these actions are Indonesian citizens and residents, as are all of the decedents.  Boeing and UTC are defendants in all cases.

5.      The first-filed lawsuit, *Adiputra, et al. v. The Boeing Company, et al.*, ("*Adiputra*"), was filed in the Northern District of Illinois on January 16, 2007, where Boeing has its corporate headquarters.  This case was assigned to Judge Grady.[3]  Plaintiffs stated the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369 (the "MMTJA"), as a basis for federal jurisdiction.  In *Adiputra*, 130 plaintiffs assert wrongful death claims on behalf of 40 decedents, and 22 plaintiffs assert claims for personal injury, property damage, and/or loss of consortium.  The alleged bases for these claims are strict products liability and negligence.  Sixty-eight of the wrongful death plaintiffs and 16 of the personal injury plaintiffs have signed Releases that identify Boeing and UTC as Releasees.  The *Adiputra* plaintiffs are represented by Floyd Wisner of St. Charles, Illinois and by attorneys out of the San Francisco offices of Lieff Global LLP and Lieff, Cabraser, Heimann & Bernstein, LLP.

7.      The second-filed lawsuit, *Justyantoro, et al. v. The Boeing Company*, ("*Justyantoro*"), was filed February 14, 2007 in the Circuit Court of Cook County, Illinois.  In *Justyantoro*, eight plaintiffs assert wrongful death claims on behalf of ten decedents and one plaintiff asserts a claim for damage to property.  The alleged bases for these claims are negligence as well as strict product liability.  Seven of the plaintiffs have signed Releases that identify Boeing and UTC as Releasees.  The plaintiffs are represented by Power, Rogers & Smith of Chicago, Illinois.

8.      On March 12, 2007, Boeing removed *Justyantoro* to the Northern District of Illinois, pursuant to the MMTJA.  The lawsuit initially was assigned to Judge Wayne R. Andersen.  On April 23, 2007, Boeing filed a motion to consolidate and reassign the *Justyantoro* action to Judge Grady as a case related to *Adiputra*, citing, among other things, the

---

[3] Courtesy copies of the operative complaints for the lawsuits arising from the Accident of which Boeing is aware are submitted herewith, along with the docket sheets.

3

common issues of forum non conveniens and the interpretation of the releases as bases for consolidation. On June 20, 2007, Judge Grady issued a Notice of Relatedness. *Justyantoro* was subsequently reassigned to Judge Grady by the Executive Committee of the Northern District of Illinois.

9.      The third action, *Zu, et al. v. The Boeing Company, et al.,* ("*Zu*"), was filed August 28, 2007 in the Northern District of Illinois and initially assigned to Judge Matthew F. Kennelly. On September 4, 2007, Boeing filed an unopposed motion to consolidate and reassign *Zu* as related to the already-consolidated *Adipura* and *Justyantoro* actions. On September 5, 2007, Judge Grady issued a Finding of Relatedness and *Zu* subsequently was transferred to his calendar by the Executive Committee. In *Zu*, ten plaintiffs assert wrongful death claims on behalf of nine decedents, and one additional plaintiff asserts claims for personal injury. Six of the wrongful death plaintiffs as well as the personal injury plaintiff have signed Releases. The alleged bases for plaintiffs' claims are strict products liability and negligence. The plaintiffs are represented by Power, Rogers & Smith of Chicago, Illinois.

10.     The fourth case, *Adi, et al. v. The Boeing Company, et al.,* ("*Adi*"), was filed September 4, 2005 in the Northern District of Illinois. The stated basis for jurisdiction was again the MMTJA. In *Adi*, five plaintiffs assert wrongful death claims (including one plaintiff who has signed a release) on behalf of five decedents, and ten plaintiffs bring claims for personal injury. The alleged bases for these claims are strict products liability and negligence. The case was originally assigned to Judge Grady and he has consolidated it with the other three actions arising out of the Accident that are pending before him. The plaintiffs are represented by Floyd Wisner of Wisner Law Office of St. Charles, Illinois.

11.     As noted, in the Northern District of Illinois Boeing filed multiple motions for consolidation and reassignment of cases as they were served in later-filed cases arising out of the Accident. Boeing's motions identified the various common issues across the cases, including the threshold forum non conveniens issue and questions related to the Releases executed by plaintiffs. From the start of the litigation, the Honorable John F. Grady recognized

4

that it "seem[ed] wasteful for [another Judge] and I to be working on the same airplane crash," Ex. B, 4:10 - 11, and issued Findings of Relatedness with respect to the later-filed actions. The Executive Committee of the Northern District of Illinois then issued orders reassigning *Justyantoro* and *Zu* to Judge Grady for consolidation with *Adiputra*. The fourth case, *Adi*, which was initially assigned to Judge Grady, was then consolidated by Judge Grady with these three actions. Accordingly, the four cases pending in the Northern District of Illinois have been consolidated pursuant to the local rules of the Northern District of Illinois and are pending there before Judge Grady.

12.     A fifth case, *Kusumo, et al. v. The Boeing Company, et al.*, ("*Kusumo*"), was filed in the United States District Court for the Central District of California on September 4, 2007. Again, the MMTJA was cited as a basis for jurisdiction. In *Kusumo*, three plaintiffs bring a single wrongful death claim on behalf of one decedent. The alleged bases for these claims are strict products liability and negligence. Plaintiffs are represented by Raymond Paul Johnson of El Segundo, California and the Colson, Hicks Edison law firm of Coral Gables, Florida. To date, Boeing has not been served and, to the best of Boeing's knowledge, neither has UTC.

13.     A sixth case, *Laksono, et al. v. The Boeing Company, et al.*, ("*Laksono*"), was filed November 29, 2007 in the United States District Court for the Western District of Washington. The MMTJA was cited as a basis for jurisdiction. In *Laksono*, 31 plaintiffs bring claims for wrongful death on behalf of 31 decedents, and eight plaintiffs bring claims for personal injury. The alleged bases for these claims are strict products liability and negligence. It appears that claims for at least five of the decedents in this case duplicate claims made in the *Adiputra* case, which is pending in the Northern District of Illinois. Plaintiffs are represented by James S. Rogers of Seattle, Washington.

14.     The four cases pending before Judge Grady in the Northern District of Illinois are procedurally more advanced than the *Kusumo* and *Laksono* cases. Following Boeing's statement to that Court of its intention to file a motion based on forum non conveniens, the

Court has limited discovery to the primary threshold issue of forum non conveniens, presided over multiple status conferences, entered orders postponing the deadline for responsive pleadings pending the outcome of the forum non conveniens motion, and resolved other questions related to the proper handling of these cases. Under the Court's oversight, all plaintiffs in the Northern District of Illinois have responded to Boeing's written forum non conveniens discovery, and on October 26, 2007, Boeing and UTC filed their joint motion to dismiss on the grounds of forum non conveniens. Thereafter, plaintiffs served written discovery on Boeing and UTC, which is due in early January, 2008, and requested dates for the depositions of Boeing and UTC employees who submitted declarations in support of the motion to dismiss on the grounds of forum non conveniens, as well as the Indonesian legal experts who also submitted declarations. A deadline for the close of forum non conveniens discovery was originally set for January 14, 2008, but when notified of the pendency of actions outside of Illinois and Boeing's intention to file the instant motion, that deadline was stayed to allow for efficient coordination of all cases arising out of the Accident.

***

Centralization pursuant to 28 U.S.C. § 1407 is warranted. As described in more detail in the accompanying memorandum, all of the described cases involve common factual and legal issues, including identical forum non conveniens issues, issues concerning the enforceability of the Releases, and, should, the actions proceed to this point, common factual issues relating to the cause(s) of the Accident. Centralization is also appropriate because it would conserve resources and promote the just and efficient conduct of this complex aviation accident litigation. It would also eliminate duplicative discovery and prevent repetitive and potentially inconsistent pre-trial rulings, particularly with respect to the potentially dispositive common threshold issue of forum non conveniens.

The Northern District of Illinois is the proper transferee district because: (1) the four cases pending in that district are the most procedurally advanced; (2) the majority of plaintiffs

6

8

have filed the majority of cases there; (3) a dispositive motion to dismiss on the grounds of forum non conveniens has already been filed there and discovery and other proceedings related to that motion have already occurred there; and (4) the judge assigned in the Northern District, the Honorable John F. Grady, has the most knowledge about, and experience with, these cases and, additionally, is highly experienced with complex and multidistrict litigation.

WHEREFORE, Boeing respected requests that the Judicial Panel for Multidistrict Litigation coordinate and consolidate the cases listed in the attached Schedule of Actions for pretrial proceedings.

DATED:  December 18, 2007.

THE BOEING COMPANY

*Allison Kendrick*

Keith Gerrard
Allison Kendrick
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, Washington  98101-3099
(206) 359-8000

Pernyataan Pelepasan dan Pembebasan Tanggung Jawab Secara Hukum
("Pelepasan dan Pembebasan")

Pada hari ini, Rabu, tanggal 24 Oktober 2006, saya yang bertanda tangan di bawah ini:

| | | |
|---|---|---|
| Nama, | : | Kapela Ritonga |
| Alamat: | | |
| | | |
| No. KTP | : | |
| | | |
| Nama | : | Thomas Siregar |
| Alamat: | | |
| | | |
| No. KTP | : | |
| | | |
| Nama | : | Dra.Maslatun |
| Alamat | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| | | |
| Nama | : | Andra Adiputra |
| Alamat | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| No. KTP | : | 1.00134/1009/165/REU/PEP/2005 |
| | | |
| Nama | : | Ilham Taboni |
| Alamat | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| No. KTP | : | |
| | | |
| Nama | : | Rizky Ananda |
| Alamat | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| No. KTP | : | |

dalam hal ini bertindak sebagai ahli waris dari Mohd.Said Ritonga ("Korban"), yang merupakan penumpang yang meninggal dunia dalam kecelakaan pesawat bernomor penerbangan RI 091 dengan tujuan Jakarta pada tanggal 5 September 2005, di Bandara

**11**

Polonia, Medan, ("Kecelakaan"), berdasarkan Surat Keterangan Ahli Waris tertanggal
September 2005, (selanjutnya disebut sebagai "Pemberi Pelepasan dan Pembebasan").

Dengan ini Pemberi Pelepasan dan Pembebasan menyatakan telah menerima secara
penuh santunan dan ganti rugi sebesar Rp.300.000.000 ("Santunan dan Ganti Rugi")
dari PT. Mandala Airlines ("Mandala"). Santunan dan Ganti Rugi tersebut merupakan
penyelesaian yang terakhir dan menyeluruh dari seluruh klaim, gugatan, keberatan
maupun tuntutan dalam bentuk apa pun baik yang diketahui atau yang tidak diketahui,
yang dimiliki atau dialaf dimiliki oleh Pemberi Pelepasan dan Pembebasan, baik pada
saat ini maupun pada masa yang akan datang, atau yang mungkin selanjutnya timbul atau
ditimbulkan, sebagai akibat dari, atau yang dengan cara apa pun dihubungkan dari
Kecelakaan, atau yang menurut sifatnya dapat dianggap sebagai klaim, gugatan,
keberatan maupun tuntutan dari segala kewajiban dan tanggung jawab yang timbul dari
maupun yang akan timbul dari atau sehubungan dengan kematian Korban yang
diakibatkan oleh Kecelakaan.

Dengan telah diterimanya Santunan dan Ganti Rugi, Pemberi Pelepasan dan Pembebasan
menyatakan hal-hal sebagai berikut:

1. Pemberi Pelepasan dan Pembebasan setuju untuk melepaskan segala haknya
   untuk mengajukan klaim, gugatan, keberatan, tuntutan, permintaan, laporan,
   pengaduan atau tindakan hukum apa pun, baik yang diketahui atau tidak
   diketahui, yang dimiliki atau dialaf dimiliki oleh Pemberi Pelepasan dan
   Pembebasan, baik pada saat ini maupun pada masa yang akan datang, atau yang
   mungkin selanjutnya timbul atau ditimbulkan, sebagai akibat dari, atau yang
   dengan cara apa pun dihubungkan dari Kecelakaan, terhadap atau yang
   berhubungan dengan Mandala beserta Dewan Direksinya, Dewan Komisarisnya,
   Para Karyawannya, Agen-Agennya, Kontraktor dan Sub-Kontraktornya,
   Perusahaan Asuransinya dan Perusahaan Reasuransinya dan Boeing Corporation,
   Pratt & Whitney, Perusahaan Asuransinya, Karyawannya, Afiliasinya, Anak
   Perusahaannya, dan Subsidiarnya dan setiap serta seluruh orang-orang yang
   perdilimi dan/atau tidak terafiliasi, firma-firma, kesatuan-kesatuan,
   perusahaan-perusahaan atau badan-badan lain yang bertanggung jawab atau yang
   dianggap bertanggung jawab atas setiap kerugian yang timbul dari Kecelakaan
   (selanjutnya secara bersama-sama disebut sebagai "Penerima Pelepasan dan
   Pembebasan"), dalam keadaan apa pun, baik di dalam maupun di luar
   pengadilan, arbitrase atau instansi penegak hukum dan instansi pemerintah
   lainnya berdasarkan peraturan perundang-undangan yang berlaku di negara
   Republik Indonesia dan/atau yurisdiksi negara lain, termasuk tetapi tidak terbatas
   pada Peraturan Pemerintah Republik Indonesia No. 40/1995 tanggal 17 November
   1995 mengenai Angkutan Udara sebagaimana telah diubah oleh Peraturan
   Pemerintah No. 3 Tahun 2000.

2. Setuju untuk mengganti rugi dan membebaskan Penerima Pelepasan dan
   Pembebasan dari dan terhadap segala tuntutan yang mungkin akan diajukan oleh
   pihak lain yang mengaku sebagai ahli waris Korban terhadap salah satu atau



seluruh pihak Penerima Pelepasan dan Pembebasan yang timbul dari hubungan dengan Kecelakaan.

3. Pembayaran Santunan dan Ganti Rugi bukan merupakan pengakuan adanya kesalahan dan/atau kelalaian Penerima Pelepasan dan Pembebasan yang menyebabkan Kecelakaan.

4. Sehubungan dengan pembayaran tersebut diatas, Pemberi Pelepasan dan Pembebasan mengalihkan dan menialaikan segala hak untuk menuntut terhadap pihak mana pun, yang timbul dari Kecelakaan, kepada Mandala, pemegang asuransinya dan perusahaan reasuransinya yang telah menerima, subrogasi atas hak-hak tersebut.

5. Pemberi Pelepasan dan Pembebasan dengan ini menjamin bahwa tidak ada lagi ahli waris dari Korban selain Pemberi Pelepasan dan Pembebasan, dan bahwa Pemberi Pelepasan dan Pembebasan tidak meninggalkan, mengalihkan atau pun memberikan hak-haknya sehubungan dengan warisan Korban.

6. Pelepasan dan Pembebasan ini, penafsiran dan pelaksanaannya, serta segala akibat yang ditimbulkan daripada diatur dan tunduk kepada hukum yang berlaku di negara Republik Indonesia.

7. Penyelesaian segala perselisihan yang timbul dari, atau berdasarkan atas, atau sehubungan dengan Pelepasan dan Pembebasan ini akan diselesaikan di pengadilan negeri.

8. Pelepasan dan Pembebasan ini tidak dapat ditarik kembali, dan dibuat dalam keadaan sadar, tanpa paksaan dari pihak mana pun.

9. Pelepasan dan Pembebasan ini dibuat dalam bahasa Indonesia dan bahasa Inggris. Namun demikian, apabila terdapat perbedaan antara kedua versi tersebut, maka yang berlaku adalah versi dalam bahasa Indonesia.

10. Pelepasan dan Pembebasan ini telah saya baca atau dibacakan kepada saya dan saya pahami seluruh isinya.

, 24 Oktober 2005

Kepala Keluarga

Thomas Siregar

Ditandatangani oleh istri, Dra.Mariatur, untuk dirinya sendiri dan untuk dan atas nama anaknya, Rizky Ananda, yang masih dibawah umur.

Dra.Marhtm

Andre Adiputra

Ilham Tohroni



Saksi  :

Menurut Nomor : 65/N/Ng/2005
Dibubuhi cap dan dibubuhkan tAklim buku yang khusus dipergunakan
untuk itu oleh saya, RAMAN SAKTA GUNTING, Sarjana Hukum,
Notaris diKabupaten Deli Serdang, pada tanggal.
                                    Tanggal, 20 Oktober 2005.

(RAMAN SAKTA GUNTING, SH)

Statement of Release and Discharge from Legal Responsibility
("Release and Discharge")

On this day, Monday , dated 24 October 2005, I, the undersigned:

| | | |
|---|---|---|
| Name | : | Kapala Ritonga |
| Address | : | |
| | | |
| ID Card No. | : | |
| | | |
| Name | : | Tiotmas Siregar |
| Address | : | |
| | | |
| ID Card No. | : | |
| | | |
| Name | : | Dra.Marissan |
| Address | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| ID Card No. | : | |
| | | |
| Name | : | Andre Arifputra |
| Address | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| ID Card No. | : | 77 |
| | | |
| Name | : | Ilham Takzaul |
| Address | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| ID Card No. | : | |
| | | |
| Name | : | Rizky Ananda |
| Address | : | Jl.Sudirman No.116 B |
| | | Kel. Wek I Kec. Padang Sidempuan Utara |
| | | Medan, Sumatera Utara |
| ID Card No. | : | |

In this matter is/are, acting as the beneficiary(-ies) of Mohd.Said Ritonga ("Victim"), passenger who was killed in the accident of flight number RI 091 destination Jakarta, dated 5 September 2005, at Polonia Airport, Medan, ("Accident"), based on the Beneficiary Letter dated 15 September 2005 (hereinafter referred to as the "Release").

15

The Releasor hereby agree to have fully received severance payment and co[...] the amount of Rp.200,000,000 ("Severance Payment and Compensation") [...] Mandala Airlines ("Mandala"). This Severance Payment and Compensation [...] as final and complete settlement of all and any claims, suit, objection or charges whatsoever both known and unknown, which Releasor now has, or claims to have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of the Accident or Which according to its nature is classified as a claim, suit, objection or charges from any obligation and responsibility arising out of or will arise from or in connection with the death of the Victim, as a result of the Accident.

Upon receiving the Severance Payment and Compensation, the Releasor states the following:

1. The Releasor agrees to release all of his/her right to file any claim, suit, objection, charges, request, report, complaint or any legal action whatsoever both known and unknown, which Releasor now has, or claims to have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of the Accident against or which relates to Mandala and its Directors, Commissioners, Employees, Agents, Contractors and Sub-Contractors, Insurers, Reinsurers and the Boeing Corporation, Pratt & Whitney, and their Insurers, Employees, Affiliates, Subsidiaries, and Suppliers, and any and all other affiliated and/or unaffiliated persons, firms, partnerships, corporations or other entities who are or may be alleged to be responsible for any liability arising from the Accident (hereinafter collectively referred to as the "Releasees") in any circumstances, either in or out of court, arbitration or any law enforcement institution and other government institution, pursuant to any applicable laws and regulations in Indonesia and/or any other jurisdiction, including but not limited to Government Regulation of the Republic of Indonesia No.40/1995 dated 17 November 1995 regarding Air Transportation as amended by Government Regulation No.3 of 2000.

2. The Releasor agrees to fully indemnify and hold harmless the Releasees from and against all claims, which may be made by other party(-ies) claiming to be beneficiary(-ies) of the Victim, against any one or more of the Releasees arising out of or in connection with the Accident.

3. Payment of the Severance Payment and Compensation shall not be regarded as an acknowledgment of the Releasees' fault and/or negligence, resulting in the Accident.

4. In consideration of the payment aforesaid, the Releasor assigns and transfers all of its rights of claim against any parties arising out of the Accident to Mandala, its Insurers and reinsurers who are subrogated to such rights.

5. The Releasor warrant that there is no other legal heir(s) of the Victim and that the Releasees have not abandoned, assigned or otherwise disposed of the Releasees rights to the estate of the Victim.

6. This Release and Discharge, its interpretation and implementation and all consequences incurred thereof shall be governed with and subject to the applicable laws of the Republic of Indonesia.

16



7. Settlement of any dispute arising out or based on or in connection with this Release and Discharge shall be resolved through District Court.
8. This Release and Discharge shall be irrevocable and is made under free will without any duress or compulsion from whatsoever.
9. This Release and Discharge is executed in Indonesian language and in English. However, if there is a conflict between the two versions then the Indonesian version will prevail.
10. This Release and Discharge has been read by me or read to me and I fully understand all the terms herein.

4th October 2005


Kepala Kluarga


Tionpat Siregar

Signed by the spouse, Dra.Marjatun, for herself and on behalf of the children, Rizky Ananda, who are below the age of majority.


Dra.Marjatun


Andre Adiputra


Ilham Tabrani


Saksi :

BANTU     FERRY


68688009

Lampiran B

Warranting Number 26/TUN/a/2003
-Stamped and registered on a special book which is only used for this type
of registration by me, RAMAN SARYA GINTING, Surjent Hakim, Notary
Public in Deli Serdang.

Date, 24 October 2003,-
Notary of Deli Serdang



(RAMAN SARYA GINTING, SH)

**18**

# EXHIBIT B

1

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


ANDRE ADIPUTRA, et al.,            )         Docket No. 07 C 250
                                   )
                  Plaintiffs,      )
                                   )
       vs.                         )         Chicago, Illinois
                                   )         June 20, 2007
THE BOEING COMPANY, et al.,        )         10:30 o'clock a.m.
                                   )
                  Defendants.      )

                TRANSCRIPT OF PROCEEDINGS - STATUS
                BEFORE THE HON. JOHN F. GRADY

APPEARANCES:

For the Plaintiffs:        FLOYD A. WISNER
                           BY:  MR. FLOYD A. WISNER
                           934 South Fourth Street
                           St. Charles, Illinois 60174

                           POWER ROGERS & SMITH PC
                           BY:  MS. CAROLYN S. DALEY
                           70 West Madison Street
                           55th Floor
                           Chicago, Illinois 60602

For the Defendants:        PERKINS COIE LLC
                           BY:  MR. WILLIAM T. CAHILL
                                MS. ALLISON R. KENDRICK
                           131 South Dearborn Street
                           Suite 1700
                           Chicago, Illinois 60603

                           CHUHAK & TECSON
                           BY:  MR. WILLIAM F. DE YOUNG
                                MS. LORETTO M. KENNEDY
                           30 South Wacker Drive
                           Suite 2600
                           Chicago, Illinois 60606
```

2

1   **APPEARANCES:   (Continued)**

2

    **Court Reporter:**

3

4

5                       MARY M. HACKER
6          219 South Dearborn Street - Suite 1426
                   Chicago, Illinois 60604
7                      (312) 435-5564

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1  plaintiffs represented by different plaintiffs' firms.

2         MS. KENDRICK:  Your Honor, since we were here the

3  last time the plaintiffs in the Justy Antoro case, which is

4  the case in front of Judge Andersen currently, have added ETC

5  as a defendant in that case.  So there is a perfect symmetry

6  of defendants at a future case and in the Justy Antoro case.

7         In Boeing's position there's really no reason why

8  these cases should be handled separately at any phase.  It

9  involves the same accident, it involves the same defendants.

10        THE COURT:  It seems wasteful for me for Judge

11 Andersen and I to be working on the same airplane crash.

12        MS. DALEY:  Your Honor, for the discovery purposes we

13 are happy to consolidate.  But for the trial purposes, due to

14 the numerousity of the plaintiffs and the large number -- we

15 have 17, I believe -- we have 17 plaintiffs.  I believe you

16 have --

17        MR. WISNER:  A lot.

18        In excess of 50, I believe, your Honor.  I would have

19 to count them.

20        MS. DALEY:  Just due to the large number of

21 plaintiffs, we would ask for separate trials, your Honor.

22        MR. WISNER:  This may be something we could defer,

23 Honor, consolidate them all here for now and then your Honor

24 can --

25        THE COURT:  I think what I'll do is consolidate them

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: | MDL Docket No. ____ |
| AIR CRASH AT MEDAN, INDONESIA ON SEPTEMBER 5, 2005 | |

## THE BOEING COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1407

The Boeing Company ("Boeing") submits this brief in support of its motion to transfer for coordinated pretrial proceedings all pending and yet-to-be filed actions seeking damages arising out of the crash of Mandala Airlines Flight 91 in Medan, Indonesia on September 5, 2005 (the "Accident"). The existing six cases all concern the cause or causes of the Accident and centralization under 28 U.S.C. § 1407 is necessary to prevent inconsistent pretrial rulings, eliminate duplicative discovery on dispositive pretrial issues (and, if necessary, liability issues), and conserve the resources of the parties, their counsel, and the judiciary.

No United States forum is an appropriate forum for this litigation which is brought by predominantly Indonesian plaintiffs for damages allegedly caused by an Indonesian aviation accident. However, to the extent that any pretrial proceedings occur in the U.S., the Northern District of Illinois is the most suitable transferee forum because: (1) the four cases there are the most procedurally advanced; (2) the majority of plaintiffs have filed the majority of cases there; (3) a dispositive motion to dismiss on the grounds of forum non conveniens has already been filed there and discovery and other proceedings related to that motion have already occurred there; and (4) the judge assigned in the Northern District, the Honorable John F.

Grady, has the most knowledge about, and experience with, these cases and, additionally, is highly experienced with complex and multidistrict litigation. Because the actions subject to this motion share common issues and because transfer of the cases to the Northern District of Illinois will promote just and efficient litigation, the cases should be consolidated or coordinated in the United States District Court for the Northern District of Illinois before Judge Grady.

## I.    BACKGROUND

This litigation arises from the September 5, 2005 crash of Mandala Airlines Flight 91, a Boeing model 737-200 aircraft equipped with Pratt & Whitney engines,[1] on takeoff from Medan, Indonesia. Flight 91 was a domestic flight headed from Medan to Jakarta, Indonesia. Mandala Airlines is based in Indonesia and is regulated by Indonesian authorities. The Accident killed approximately 149 passengers, crewmembers, or persons on the ground. Others were injured, and the Accident also caused property damage in the Indonesian neighborhood where the Accident took place. Almost all of those killed and injured were Indonesian citizens and residents. None were citizens or residents of the United States. Indonesia's National Transportation Safety Committee is responsible for the official investigation of the Accident.

A total of 228 plaintiffs have filed six civil actions arising from the Accident, seeking recovery for 96 of the 149 deaths, personal injuries, and/or property damage. The majority of the actions, comprised of 186 plaintiffs and 64 decedents, are pending in the Northern District of Illinois. The other two actions, involving a total of 42 plaintiffs and 32 decedents, are pending outside of Illinois, in California and Washington. Boeing and UTC are the defendants in all of these actions, each of which includes claims of negligence and strict products liability regarding the design of the Boeing aircraft and its Pratt & Whitney (UTC) engines, as well as

---

[1] Pratt & Whitney is an unincorporated division of United Technologies Corporation ("UTC") that designs and manufactures aircraft engines.

2



allegations that Boeing and UTC caused or contributed to cause the Accident. To the best of Boeing's knowledge, no other actions are pending.

A.   **Northern District of Illinois Actions (*Adiputra et al. v. Boeing et al.*; *Justyantoro et al. v. Boeing et al.*, *Adi et al. v. Boeing et al.*, and *Zu et al. v. Boeing, et al.*).**

Four multi-plaintiff lawsuits were filed in the Northern District of Illinois against Boeing and UTC. The first-filed of all these cases, *Adiputra*, was filed in January 2007, followed by the filing of *Justyantoro*, *Adi*, and *Zu*. There are 186 plaintiffs in these four actions who seek recovery in the Northern District of Illinois. Pursuant to the local practice for consolidation, Boeing filed motions to consolidate the actions arising out of the Accident with the first-filed *Adiputra* case, seeking a determination that the cases arising out of the Accident are "related cases." Judge Grady (to whom the *Adiputra* case was assigned) made these findings in "Notices of Relatedness." Acting on these Notices of Relatedness, the district's Executive Committee consolidated the cases before Judge Grady for common handling.

The Court has been actively managing these four cases since consolidation, especially in regard to the threshold common question of whether any forum in the United States is a convenient forum to hear these claims which are brought by predominantly Indonesian citizens and residents and related to an Indonesian aviation accident of an Indonesian airliner. The Court has limited discovery to the primary threshold issue of forum non conveniens, presided over multiple status conferences, entered orders regarding the parties' pleading obligations, and resolved other questions related to the proper handling of these cases. Under the Court's oversight, substantial forum non conveniens discovery has been completed in the four cases[2] and, on October 26, 2007, Boeing and UTC filed their joint motion to dismiss on the grounds of forum non conveniens. A deadline for the close of forum non conveniens discovery was originally set for January 14, 2008, but when notified of the pendency of actions outside of

---

[2] All plaintiffs there have responded to Boeing's written forum non conveniens discovery while written forum non conveniens discovery to Boeing and UTC is ongoing.

3

Illinois and Boeing's intention to file the instant motion, that deadline was stayed to allow for efficient coordination of all cases arising out of the Accident.

**B.    Central District of California (*Kusomo et al. v. Boeing et al.*).**

A single wrongful death claim, brought by three plaintiffs was filed on September 4, 2007, in the United States District Court for the Central District of California. The action was brought against Boeing and UTC. Boeing has not been served in this action, has not answered, and has not appeared before the Court. To the best of Boeing's knowledge, neither has UTC.

**C.    Western District of Washington (*Laksono et al. v. Boeing et al.*).**

The final lawsuit, brought by 39 plaintiffs, is pending in the United States District Court for the Western District of Washington. 31 plaintiffs bring wrongful death claims and 8 plaintiffs bring claims for personal injury against Boeing and UTC. It appears that claims for at least five of the decedents in this case duplicate claims made in the *Adiputra* case, which is pending in the Northern District of Illinois. Boeing was served in this action on December 3, 2007, but has not yet answered, and no proceedings have commenced. To the best of Boeing's knowledge, UTC has not appeared either.

Federal jurisdiction for each of these six cases is proper pursuant to the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369 (the "MMTJA") and, in five of the six pending cases, federal jurisdiction is expressly premised on this statute.[3]

## II.    ARGUMENT

**A.    All Litigation Arising Out of the Accident Should Be Consolidated Pursuant to 28 U.S.C. § 1407.**

Section 1407 of the United States Code governs multidistrict litigation and provides, in pertinent part, that:

> When civil actions involving one or more common questions of fact are
> pending in different districts, such actions may be transferred to any district for

---

[3] In the sixth case, *Zu*, there are no explicit jurisdictional allegations, but the requirements of 28 U.S.C. § 1369 are likewise satisfied in that case.

4



> coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

The litigation arising from the Accident presents a classic case for consolidation and transfer under 28 U.S.C. § 1407. Transfer and consolidation of the cases outside Illinois is appropriate here because it will promote just and efficient litigation, the Panel regularly consolidates complex aviation litigation arising from a single accident, and cases arising out of this Accident all involve one or more common questions of fact and law. Indeed, in issuing its Notices of Relatedness, the Court in the Northern District of Illinois has already determined that centralized management of cases arising from the Accident is appropriate for these reasons.

### 1. The Panel regularly consolidates aviation disasters.

The Panel has recognized that air crash disasters "present a prime example of the need which gave rise to the enactment of Section 1407" and that consolidation of such litigation is almost invariably appropriate. *In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 476 F. Supp. 445, 447 (J.P.M.L. 1979). The Panel therefore routinely consolidates such actions. *See, e.g.*, *In re Air Crash Near Arpetxoto de Azeveda, Brazil, on September 29, 2006*, 493 F. Supp. 2d 1374 (J.P.M.L. 2007); *In re Air Crash Near Athens, Greece, on August 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006); *In re Air Crash Near Woodbury, CT., on Dec. 20, 2002*, 374 F. Supp. 2d 1358 (J.P.M.L. 2005); *In re Air Crash Near Kirksville, MO, on Oct. 19, 2004*, 383 F. Supp. 2d 1382 (J.P.M.L. 2005); *In re Air Disaster at Lockerbie, Scotland, on Dec. 21, 1988*, 709 F. Supp. 231 (J.P.M.L. 1989).

The instant aviation accident cases are no different. Like the aviation cases previously consolidated by the Panel, all of these actions arise from a single accident; the actions seek to establish the cause of this single accident and whether the same defendants in each action are

5

liable; and the plaintiffs are the families and estates of the individuals killed by the crash of Mandala Flight 91, as well as those who suffered injuries. These cases therefore necessarily involve common questions of fact and law. Consolidation here will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.[4] *See In re Air Crash at Belle Harbor, NY, on Nov. 12, 2001*, 203 F. Supp. 2d 1379 (J.P.M.L. 2002); *In re Air Crash Disaster in the Ionian Sea, on Sept. 8, 1974*, 407 F. Supp. 238, 239 (J.P.M.L. 1974); *In re Air Crash Disaster at Toronto Int'l Airport on July 5, 1970*, 346 F. Supp. 533 (J.P.M.L. 1972).

>    **2.    Consolidation is warranted because the actions share common threshold issues and coordination would promote the efficient resolution of these issues and avoid inconsistent pretrial rulings.**

Consolidation of these cases is particularly appropriate because they share the common threshold issue of forum non conveniens. As Boeing previously explained in its (granted) motions to consolidate the Northern District of Illinois actions, the critical preliminary (and common) issue in all of these cases is whether the United States is the proper forum for these actions. Boeing and UTC have already filed a motion to dismiss on the grounds of forum non conveniens in the Northern District of Illinois cases and intend to do the same in the remaining two cases. Federal courts have repeatedly exercised their authority under the forum non conveniens doctrine to dismiss claims, like these, that arise from foreign aviation accidents. *See, e.g., Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235 (1981); *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279 (11th Cir. 2001); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001).

Centralization will avoid the unnecessary and inefficient duplication of effort on this preliminary threshold issue. It would allow for consolidated briefing and depositions (including the depositions of Indonesian law experts who reside in Jakarta, Indonesia and who

---

[4] Coordinated proceedings are particularly appropriate here, where claims on behalf of at least five decedents have been filed in separate actions currently pending in separate districts. Further, there are seven different law firms representing plaintiffs in these separate actions, making coordination without consolidation and single judicial management very difficult.

6

support Defendants' motion). It would likewise avoid inefficient, duplicative written forum

non conveniens discovery, differing and overlapping briefing and discovery schedules, and

inconsistent rulings on the proper scope of forum non conveniens discovery. These benefits

strongly counsel in favor of consolidation and centralization. *See In re St. Jude Med., Ind.,*

*Silzone Heart Valves Prods. Liab. Litig.*, 2001 U.S. Dist. LEXIS 5226, at *3 (J.P.M.L. 2001)

(centralization eliminates duplicative discovery and prevents inconsistent pretrial rulings); *see*

*also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981)

(centralization "effectuate[s] a significant overall savings of cost and a minimum of

inconvenience to all concerned with pretrial activities").

More critically, consolidation would eliminate the risk of inconsistent rulings on this

potentially dispositive threshold forum issue. Inconsistent rulings on the forum non

conveniens issue could be particularly disruptive. If, for example, two courts rule differently

on the forum non conveniens issue, then parallel litigation in the U.S. and in Indonesia might

ensue, exacerbating the inefficiencies, duplication, and possibilities of inconsistent rulings.

Avoiding such inconsistent rulings and their consequences points strongly to dismissal. *See In*

*re Alert Income Partners Sec. Litig.*, 788 F. Supp. 1230, 1231 (J.P.M.L. 1992); *In re American*

*Continental Corp./Lincoln Sav. & Loan Sec. Litig.*, 130 F.R.D. 475 (J.P.M.L. 1990).

**3.    Consolidation would further be appropriate if the U.S. was deemed the**
**proper forum to reach the complex liability claims asserted in the**
**complaints.**

If proceedings in these cases progress beyond the threshold forum non conveniens issue

to liability, consolidation is further warranted. The case at bar is similar to the numerous other

aviation disasters where the Court has ordered transfer and consolidation pursuant to 28 U.S.C.

§ 1407. There can be no doubt that the common factual issues presented in the Complaints

regarding the design and operation of the accident airplane and its engines are extremely

complex, as are the common questions regarding the cause of the Accident. *See, e.g., In re Air*

*Crash Near Arpeixoto de Azeveda, Brazil, on September 29, 2006*, 493 F. Supp. 2d 1374

(J.P.M.L. 2007) (actions arising from air crash share common questions regarding the cause of

7

crash); *In re Air Crash Near Athens, Greece, on August 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006) (same). As in the case of the common threshold forum non conveniens issues, consolidation of these cases for pretrial liability proceedings will be more convenient for the parties, the witnesses and the judicial system. It will avoid inconsistent and duplicative discovery on complex product liability and aviation issues, overlapping and inconsistent pretrial schedules, and the possibility of inconsistent pretrial rulings. *See* Wright, Miller & Cooper, Federal Practice & Procedure, § 1385 ("The most important considerations for the Panel are to prevent the duplication of discovery, to eliminate any possibility of inconsistent pretrial rulings, and to further the basic policies of Section 1407.").

4.      **Transfer and coordination is also warranted as it would further the purposes of the Multiparty, Multiforum Trial Jurisdiction Act of 2002.**

The MMTJA is explicitly identified as the basis for federal jurisdiction in all actions except *Zu* (the ground exists in *Zu*, but is not explicitly raised). The MMTJA creates "a mechanism whereby litigation stemming from one major disaster could easily be consolidated in one federal court for discovery and trial." *Passa v. Derderian*, 308 F. Supp. 2d 43, 53 (D. R.I. 2004). As its legislative history indicates, the MMJTA was enacted, like Section 1407, to ensure that common issues arising from a single disaster ("major airline disasters" were specifically singled out) are resolved in a central forum, to promote the convenience of parties, and to promote the just and efficient adjudication of actions arising from disasters in a single forum. *See id.* at 54. Indeed, the very purpose of the MMTJA was to facilitate federal jurisdiction in all cases arising from a single disaster like the Accident so that they can be consolidated pursuant to Section 1407 for coordinated pre-trial proceedings. By transferring and coordinating these actions, the Panel therefore would further the harmonizing purposes of both Section 1407 and the MMJTA.

In sum, transfer of these cases for coordinated treatment is warranted. It will promote efficiency and fairness for the parties and the judicial system, by eliminating duplicative



discovery and pretrial proceedings and potentially inconsistent rulings on numerous issues of law and fact.

**B.      The Actions Should Be Transferred to Judge John F. Grady in the Northern District of Illinois.**

The Northern District of Illinois is the most appropriate forum for transfer and consolidation of these cases. Consolidation in the Northern District of Illinois is appropriate because the cases already pending there: (1) are the first filed and in the most advanced stages of litigation; (2) comprise the majority of plaintiffs and the majority of cases; and (3) the judge overseeing the cases there is the most familiar with these cases and has significant experience with complex and multidistrict litigation as well as with the doctrine of forum non conveniens.

**1.      Transfer to the Northern District of Illinois is appropriate because the cases pending there are the first filed and most advanced.**

The four cases pending in the Northern District of Illinois are the first-filed cases and more advanced than both the *Kusumo* and *Laksono* cases. The *Adiputra* action has been pending since January 2007, the *Justyantoro* action has been pending since February 2007, and the other two actions have been pending since August and September 2007, respectively.[5] The fact that the first-filed cases are pending in the Northern District of Illinois points toward that district as the transferee district. *See In re JP Morgan Chase*, 452 F. Supp. 2d 1350 (J.P.M.L. 2006) (transfer to district with first-filed action); *In re Cintas Corp. Overtime Pay Arbitration Litig.*, 444 F. Supp. 2d 1353 (J.P.M.L. 2006) (transfer to district with first-filed and more advanced litigation).

Further, the cases in the Northern District of Illinois are far more advanced than those outside the district. Upon issuance of the Notices of Relatedness issued under the local rule for consolidation, the Executive Committee in the Northern District of Illinois consolidated the cases before one judge who has held several status conferences, issued multiple orders,

---

[5] *Adi* and *Zu* were filed roughly contemporaneously with the *Kusomo* case, but because *Kusomo* has not yet been served on Boeing, *Adi* and *Zu* have progressed at a far more rapid pace.

9

overseen the discovery process, and has become familiar with the threshold issues in these cases. The plaintiffs have all answered discovery requests, and the defendants are set to do the same in the near future. Finally, Boeing and UTC have already filed their joint motion to dismiss on the grounds of forum non conveniens in the consolidated Northern District of Illinois cases. The pendency of this motion is yet another reason why the Northern District of Illinois is the appropriate transferee district. *See In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975); *In re Multi District Private Civil Treble Damage Litig. Involving Plumbing Fixtures*, 298 F. Supp. 484, 496 (J.P.M.L. 1968).

In contrast, the cases in California and Washington are in their infancy. *Kusumo* and *Laksono* cases were filed on September 4, 2007 and November 29, 2007, respectively. No defendant has been served in *Kusumo*. While Boeing has been served in *Laksono*, it has not yet answered.

Under these circumstances, case law supports transfer and consolidation in the Northern District of Illinois. *See In re Air Crash Near Arpeixoto de Azeveda, Brazil, on September 29, 2006*, 493 F. Supp. 2d 1374 (J.P.M.L. 2007) (transfer to district where pending actions were more procedurally advanced than elsewhere); *In re JP Morgan Chase & Co. Sec. Litig.*, 452 F. Supp. 2d 1350 (J.P.M.L. 2006) (transfer to district with earliest filed and most procedurally advanced action); *In re Napster, Inc., Copyright Litig.*, Docket No. 1369, 2000 U.S. Dist. LEXIS 15493 (J.P.M.L. Oct. 11, 2000) (cases should be transferred to district with most advanced actions).

**2.    Because the majority of plaintiffs have filed the majority of cases in the Northern District of Illinois, transfer there is appropriate.**

A total of 186 plaintiffs have filed suit in four cases currently pending in the Northern District. One hundred fifty-two of these plaintiffs bring wrongful death claims on behalf of 64 decedents; the other 34 plaintiffs assert claims based on personal injury, property damage and/or loss of consortium. In comparison, three plaintiffs have filed a single wrongful death action for one decedent in the Central District of California; and 39 plaintiffs (31 of which

10

assert wrongful death claims) have filed an action in the Western District of Washington. In other words, there are over four times as many plaintiffs with cases currently pending in the Northern District of Illinois, on behalf of over twice as many decedents, as compared to the non-Northern District of Illinois actions.

The pendency of the majority of claims and cases in the Northern District of Illinois is further reason to select that district as the appropriate transferee forum. Indeed, this Panel has recently transferred wrongful death cases arising from a foreign aviation accident to the Northern District of Illinois for just this reason. *See In re Air Crash Near Athens, Greece, on August 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006); *see also In re Napster, Inc., Copyright Litig.*, Docket No. 1369, 2000 U.S. Dist. LEXIS 15493 (J.P.M.L. Oct. 11, 2000) (transfer to district with majority of the parties); *In re Phonometric, Inc.*, 1996 U.S. Dist. LEXIS 21909 (J.P.M.L. Feb. 19, 1997) (transfer to district where majority of actions are pending); *In re Helicopter Crash Near Marsh Island, Louisiana*, 461 F. Supp. 675 (J.P.M.L. 1978) (same). Because the majority of claimants chose to bring suit in the Northern District of Illinois, the transfer of all cases to that district for pretrial coordination or consolidation is appropriate.

### 3. Transfer to the Northern District of Illinois is warranted due to that district's familiarity with the cases.

Judge Grady is the appropriate judge for transfer of all the cases pending for pre-trial coordination or consolidation because he is the most familiar with these cases. As described more fully above, Judge Grady has presided over and managed these cases arising from the Accident since January of 2007, and obviously is the judge most familiar with the issues and the cases. This familiarity with the litigation is another factor favoring the Northern District of Illinois as the proper transferee district. *See In re Napster, Inc., Copyright Litig.*, Docket No. 1369, 2000 U.S. Dist. LEXIS 15493 (J.P.M.L. Oct. 11, 2000) (transfer to district where judge was familiar with the issues); *In re Phonometric, Inc.*, 1996 U.S. Dist. LEXIS 21909 (same); *In re Aircraft Accident at Barrow, Alaska*, 474 F. Supp. 996 (J.P.M.L. 1979) (same).

11

Judge Grady is an experienced jurist (having served on the federal bench since 1976), has prior experience managing multidistrict litigation, and is familiar with the critical threshold forum on conveniens doctrine. *See, e.g., In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.*, 408 F. Supp. 2d 569, 589 (N.D. Ill. 2006), *aff'd*, 484 F.3d 951 (7th Cir. 2007). This experience is another factor in favor of transferring the cases to the Northern District of Illinois and Judge Grady. *See In re Air Crash at Belle Harbor, NY, on Nov. 12, 2001*, 203 F. Supp. 2d at 1381.

Finally, the Northern District of Illinois has experience with respect to multidistrict litigation arising from commercial aviation accidents. *See In re Air Crash Near Athens, Greece, on August 14, 2005*, 435 F. Supp. 2d 1340 (J.P.M.L. 2006).

## III.    CONCLUSION

Given the facts of the accident and the citizenship and residency of the parties, there is no U.S. court that is a convenient forum for these cases and they should be dismissed on the grounds of forum non conveniens. However, for purposes of Section 1407 and this motion, the Northern District of Illinois is the court with the greatest number of claims before it, with the earliest-filed claims before it, with the most experienced and knowledgeable judge regarding the cases, and with a pending motion to dismiss before it. As a result, Boeing respectfully requests that the Panel centralize this litigation in the Northern District of Illinois before Judge Grady pursuant to 28 U.S.C. §1407.

DATED: December 18, 2007.

THE BOEING COMPANY

*Allison Kendrick*

Keith Gerrard
Allison Kendrick
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, Washington  98101-3099
(206) 359-8000

12

# EXHIBIT C

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In Re:

MDL Docket No. ____

AIR CRASH AT MEDAN, INDONESIA ON

SEPTEMBER 5, 2005

### <u>SCHEDULE OF ACTIONS</u>

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **1. *Andre Adiputra, et al. v. The Boeing Company, et al.***<br><br>**Plaintiffs:**<br><br>Andre Adiputra, Personal Representative of the Estate of Mohd. Said Rigonga, Deceased;<br><br>Dra. Mariatun, Ilham Tabrani, Risky Ananda, survivors of Mohd Said Ritonga, Deceased;<br><br>Andarias;<br><br>Armayanti, Personal Representative of the Estate of Nuryadi, Deceased;<br><br>Ramayani, Endang Lestari, Tika Lestari, Muhammad Rizky, Survivors of Nuryadi, Deceased;<br><br>Rini Astuti;<br><br>Surianto;<br><br>Rini Astutue, as mother and Natural Guardian of Ade Rianto;<br><br>Suwarma Ba, Personal Representative of the Estate of Bahari Setiawarga, Deceased;<br><br>Admiral Wiem, Cynthia Wiem, survivors of Bahari Setiawarga, Deceased;<br><br>Hotma Ida Damanik, Personal Representative of the Estate of Fariaty Sitorus, Deceased;<br><br>Abadi Amin Damanik, Era Christin Damanik, Jujur Damanik, Samuel Andrei | U.S. District Court for the Northern District of Illinois, Eastern Division | 07-C-0250 | John F. Grady |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Damanik, survivors of Fariaty Sitorus, Deceased;<br><br>Humisar Hanna Ernawati, Personal Representative of the Estate of Mesa Napitupulu, Deceased;<br><br>Gabriela Emma Naomi, Yohana Maria Ketrin, Raulia Br. Siahaan, Redwan Napitupulu, Jansen Napitupulu, Wedy Napitupulu, John Napitupulu, Maycanro Napitupulu, survivors of Mesa Napitupulu, Deseased;<br><br>Reza Muharram Harahap, Personal Representative of the Estate of Abda Gumansi Harahap, Deceased;<br><br>Hardi Gading Harahap, Muhammad Hanafiah, survivors of Abda Gumansi Harahap, Deceased;<br><br>Reza Muharram Harahap, Personal Representative of the Estate of Masnari Dalimunthe, Deceased;<br><br>Hardi Gading Harahap, Muhammad Hanafiah, survivors of Masnari Dalimunthe, Deceased;<br><br>Tuti Hartati, Personal Representative of the Estate of Lamkaruna Putra, Deceased;<br><br>Elvi Zahara, John Doe, survivors of Lamkaruna Putra, Deceased;<br><br>Freddy Ismael;<br><br>Diana Elizabeth K., Personal Representative of the Estate of Welman Cansisco Simare-Mare, Deceased;<br><br>Meta Lestari, survivor Welman Cansisco Simare-Mare, Deceased; | | | |

**37**

C

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Ahman Deni Kaban; | | | |
| Yuliarti Lestari, Personal Representative of the Estate of Fery Eka Saputra, Deceased; | | | |
| Farhan Faturrahman, survivor of Fery Eka Saputra, Deceased; | | | |
| Herlina Rohmaucun Munthe; | | | |
| Musnani, Personal Representative of the Estate of Darniah, Deceased; | | | |
| Elmina Br Nainggolan, Personal Representative of the Estate of Fina Pakpahan, Deceased; | | | |
| Efwita Nasution, Personal Representative of the Estate of Hasan Saibani, Deceased; | | | |
| Sartika Anggreni, Arif Anugrah, Hadita Felani, survivors of Hasan Saibani, Deceased; | | | |
| Madama Normah, Personal Representative of the Estate of Hasan Saibani, Deceased; | | | |
| Jabonari Panjaitan, Personal Representative of the Estate of Horas Panjaitan, Deceased; | | | |
| Jabonari Panjaitan, Personal Representative of the Estate of Lasma Sagala, Deceased; | | | |
| Max Leonal Pirter; | | | |
| Rosdiana Rajagukguk; | | | |
| Alfred Tambun; | | | |
| Slamet Riyadi, Jr., Personal Representative of the Estate of Hj. Fatimah, Deceased; | | | |

38



| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Yuma, Desy Rifayanntina, Rahmadayanti, Riska Handayani, survivors of Hj. Fatimah, Deceased; | | | |
| Rohani, Personal Representative of the Estate of Rajamin, Deceased; | | | |
| Zulham Efendi, Haidir Ali, Handani, Harmansyah, Siti Robiah, Rani Rejeki, survivors of Rajamin, Deceased; | | | |
| Dr. Rizal Sani, Personal Representative of the Estate of Rusdy Rizal, Deceased; | | | |
| Najmah Hayati Se, Personal Representative of the Estate of Yuswanto Se, Deceased; | | | |
| Yuma Amalia, Yasir Hadi, Mahdiyah Zafirah, Yafi Najwan, Saenah, Siti Aminah, survivors of Yuswanto Se, Deceased; | | | |
| Umban Br. Sebayang, Personal Representative of the Estate of Agus Sinulingga, Deceased; | | | |
| Peraten Sembiring, Personal Representative of the Estate of Selamat Ginting, Deceased; | | | |
| Ratnawati Br Sembiring, Personal Representative of the Estate of Agus Sinulingga, Deceased; | | | |
| Jasuha Siahaan, Personal Representative of the Estate of Bin Harun Siahaan, Deceased; | | | |
| Tiemly Elina Simbolon, Evi Kristina, Theresia Gret Chen, survivors of Bin Harun Siahaan, Deceased; | | | |
| Tiaman Siahaan, Personal Representative | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| of the Estate of Tiurma Deasy Natalia Togatorop, Deceased; | | | |
| Elpi Dahniar Siregar, Mara Bimore Sihombing, Personal Representatives of the Estate of Samsul Sihombing, Deceased; | | | |
| Syaiful Rahmat Sihombing, Prakarsa Arif Rahmat Sihombing, Elsa Marni Rahmawati Sihombing, Argan Sihombing, Timilion Siregar, survivors of Samsul Sihombing, Deceased; | | | |
| Romauli Silalahi, Personal Representative of the Estate of Marisi Sirait, Deceased; | | | |
| Sabrina Nobelisa Sirait, Jasmah, Lausan Sirait, survivors of Marisi Sirait, Deceased; | | | |
| Hajjah Dra Syarifah Silangit, Personal Representative of the Estate of Ajyadi Tri Yoga, Deceased; | | | |
| Hajjah Dra Syarifah Silangit, Personal Representative of the Estate of Nurhidayah Desrainyesrainy Purba, Deceased; | | | |
| Prathama Fahdy Syahputra, Prahtiwa Beby Syahputri, survivors of Nurhidayah Desrainyesrainy Purba, Deceased; | | | |
| Hajjah Dra Syarifah Silangit, Personal Representative of the Estate of Saiful Bahri Dahra, Deceased; | | | |
| Prathama Fahdy Syahputra, Prahtiwi Beby Syahputri, survivors of Saiful Bahri Dahra, Deceased; | | | |
| Yennimar Simatupang, Personal Representative of the Estate of Andi Asmara, Deceased; | | | |
| Jane Doe's (3) surviving children of Andi Asmara, Deceased; | | | |

40

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Masnaria Sinaga;<br><br>Herndramon Munthe;<br><br>Masnaria Sinaga, Personal Representative of the Estate of her minor child, Raymond Munthe, Deceased;<br><br>Masnaria Sinaga, Personal Representative of the Estate of her minor child, Anggreanny Oktavia Br. Munthe, Deceased;<br><br>Linceria Sinurat;<br><br>Lesman Sebayang;<br><br>Umi Salamah Sitepu, SPD, Personal Representative of the Estate of Pahmin, SPD., Deceased;<br><br>M. Raihan Fahmi, MHD, Rizky Satria Nasution, Masrila Hutagalung, survivors of Pahmin SPD, Deceased;<br><br>Sofyan;<br><br>Haslinda;<br><br>Suhendro;<br><br>Helda Suryani;<br><br>Freddy Ismael;<br><br>Firman Tarigan;<br><br>Nurlaida Nainggolan;<br><br>Pontas Togatorop, Personal Representative of the Estate of Tomgam Benget Maramos Togatorop, Deceased;<br><br>Tiaman Siahaan, Turma Deasy, Welman | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Cansisco, survivors of Tongam Benget Maramos Togatorop, Deceased; | | | |
| Rosdianto Togatorop, Individually and as survivor of Tongam benget Maramos Togatorop; | | | |
| Paimun Warga; | | | |
| Yati, Personal Representative of the Estate of Ir Asnawi Ah, Deceased; | | | |
| Mhd. Rasya Aldiano, survivor of Ir Asnawi Ah, Deceased; | | | |
| Mariati Zendrato, Sh. Mh., Personal Representative of the Estate of Talizaro Gulo, Sh. Msp., Deceased; | | | |
| Reka Elvina Putri Gulo, Reinhard Zevon Gulo, Reymond Pratama Gulo, Merryani Gulo, Faahakhododo Zai, Listariani Zebua, Faozanolo Halawa, Elvita Zendrato, Selamat Ell Gulo, survivors of Talizaro Gulo, Sh., Msp., Deceased; | | | |
| Alani Tinambunan, Personal Representative of the Estate of Loide Berasa, Deceased; | | | |
| Rusliani Br Pasaribu, Personal Representative of the Estate of Risma Uli Pasaribu, Deceased; | | | |
| Tigor Pasaribu, Rami Br Silalah, Ely Rosmini Pasaribu, Salmon Pasaribu, Nancy Pasaribu, Nurdin Pasaribu, Andy Dedi Pasaribu, survivors of Risma Uli Pasaribu, Deceased; | | | |
| Sonto Mariati Sihombing, Personal Representative of the Estate of Susanto Yahannes Panoto, Deceased; | | | |
| Naomi Panoto, Christian Panoto, | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Christopel Panoto, survivors of Susanto Yahannes Panoto, Deceased; | | | |
| Noer Amdinie Adi, Personal Representative of the Estate of Jose Christoffel Hutagalung, Deceased; | | | |
| Oniyati, Personal Representative of the Estate of Noni Maulanna Sova, Deceased | | | |
| **Defendants:** | | | |
| The Boeing Company; | | | |
| United Technologies Corporation | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **2.  _Purbo Justyantoro, et al. v. The Boeing Company, et al._**<br><br>**Plaintiffs:**<br><br>Purbo Justyantoro, Personal Representative of the Estate of Arif Sri Hartanto, Deceased;<br><br>Hendra Bahary, Personal Representative of the Estate of Bahary a/k/a Bahari a/k/a Chang Kium Lien, Deceased;<br><br>Hendra Bahary, Personal Representative of the Estate of Mariawati a/k/a Teng Khioek Chin, Deceased;<br><br>Rustam Bahary, Personal Representative of the Estate of Mio Watanabe, a minor, Deceased;<br><br>Mr. Sukardi, Personal Representative of the Estate of Mr. Fislam, Deceased;<br><br>Mr. Supadmo, Personal Representative of the Estate of Camelia Lubis, Deceased;<br><br>Mrs. Amini, Personal Representative of the Estate of Mrs. Kartini, Deceased;<br><br>Lim A. Siong, Personal Representative of the Estate of Sui Long, Deceased;<br><br>Hendra Santoso, Personal Representative of the Estate of Dr. R. Sudharto, Deceased;<br><br>Hendra Santoso, Personal Representative of the Estate of Dr. Suwarni Sudharto, Deceased;<br><br>Xu Kai Zu, Personal Representative of the | U.S. District Court for the Northern District of Illinois, Eastern Division | 07-CV-1387 | John F. Grady |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Estate of Mr. Xu Feng Chung, Deceased; Yu Mei Pi, Xu Tian Lin, Personal Representatives of the Estate of Xu Tian Wu, Deceased; Mrs. Lela Nurlela, Personal Representative of the Estate of Mr. Wawan Kurniawan, Deceased; Mr. Holoman Silaen a/k/a Mr. Stepanus Halomoan Silaen, Personal Representative of the Estate of Mrs. Siti Manur Aritonang a/k/a Mrs. Stimanur Boru Aritonang; Mrs. Marlian, Personal Representative of the Estate of Adnan Djaya, Deceased; Sri Alwiyani Pancawati, Personal Representative of the Estate of Daufir Efendy, Deceased; Shinta Handayani, Personal Representative of the Estate of Askar Timur, Deceased; Emmanuel Sunarto, Personal Representative of the Estate of Agnes Retnaning Lestari, Deceased; Eng Ai Hoa a/k/a Tan Ai Hua, Personal Representative of the Estate of Ui The Kia, Deceased; Mr. Syaiful Bahri; Mrs. Mariyam **Defendants:** The Boeing Company United Technologies Corporation | | | |

**45**

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **3. *Xu Kai Zu, et al. v. The Boeing Company, et al.***<br><br>**Plaintiffs:**<br><br>Xu Kai Zu, Personal Representative of the Estate of Mr. Xu Feng Chun, Deceased;<br><br>Yu Mei Pi, Xu Tian Lin, Personal Representatives of the Estate of Xu Tian Wu, Deceased;<br><br>Mrs. Lela Nurlela, Personal Representative of the Estate of Mr. Wawan Kurniawan, Deceased;<br><br>Mr. Holoman Silaen a/k/a Mr. Stepanus Halomoan Silaen, Personal Representative of the Estate of Mrs. Siti Manur Aritonang a/k/a Mrs. Stimanur Boru Aritonang, Deceased;<br><br>Mrs. Marlian, Personal Representative of the Estate of Adnan Djaya, Deceased;<br><br>Sri Alwiyani Pancawati, Personal Representative of the Estate of Daufir Efendy, Deceased;<br><br>Shinta Handayani, Personal Representative of the Estate of Askar Timur, Deceased;<br><br>Emmanuel Sunarto, Personal Representative of the Estate of Agnes Retnaning Lestari, Deceased;<br><br>Eng Ai Hoa a/k/a Tan Ai Hua, Personal Representative of the Estate of Ui Tje Kia, Deceased;<br><br>Mr. Syaiful Bahri | U.S. District Court for the Northern District of Illinois, Eastern Division | 07-CV-4845 | Judge John F. Grady |

**46**

| Case Caption | | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| **Defendants:**<br><br>The Boeing Company;<br><br>United Technologies Corporation | | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **4. *Nurandini Adi, et al. v. The Boeing Company, et al.***<br><br>**Plaintiffs:**<br><br>Nurandini Adi, Heir and Personal Representative of the Estate of Jose Christopel Hutagalung, Deceased;<br><br>Muhammad Budiano, Heir and Personal Representative of the Estate of Novi Maulana Shofa, Deceased;<br><br>Mr. Supriyanto, Heir and Personal Representative of the Estate of Dewi Setiasih, Deceased;<br><br>Rosmauli Lingga, Heir and Personal Representative of the Estate of Dormaria Elfrita Sinaga, Deceased;<br><br>Bisman Pakpahan, Heir and Personal Representative of the Estate of Ria Marlina Pakpahan, Deceased;<br><br>Cahaya Intan Syarifiah;<br><br>Samer Tumanggor;<br><br>Lince S. Tampubolon;<br><br>Amir Hamzah Harahap;<br><br>Nurmida Sipayung;<br><br>Eghen Ismail;<br><br>Setia Malem Br. Tarigan;<br><br>Mrs. Yusniar;<br><br>Mr. Siswanto; | U.S. District Court for the Northern District of Illinois, Eastern Division | 07-CV-4954 | John F. Grady |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Siti Butar Butar<br><br>        **Defendants:**<br><br>The Boeing Company;<br><br>United Technologies Corporation | | | |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **5.  *Willy Kusumo, et al. v. The Boeing Company, et al.***<br><br>**Plaintiffs:**<br><br>Willy Kusumo, as Personal representative of the Estate of Wilson Kusumo, Deceased;<br><br>Piter Kusumo;<br><br>Tjen Gui Nam<br><br>**Defendants:**<br><br>The Boeing Company;<br><br>United Technologies Corporation;<br><br>Sri Murni Djoko (nominal defendant only) | U.S. District Court for the Central District of California, Western Division | CV 07-05738 | Manuel L. Real |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **6.  *Indra Laksono, et al. v. The Boeing Company, et al.***<br><br>**Plaintiffs:**<br><br>Indra Laksono, as Personal Representative of the Estate of Hendra Laksono, Deceased;<br><br>Desti Yanti, as Personal Representative of the Estate of Ardinal Amir, Deceased;<br><br>Nany Theresia, as Personal Representative of the Estate of Harianto Iskandar, Deceased;<br><br>Marziana Yusuf, as Personal Representative of the Estate of Jamaliah, Deceased;<br><br>So Sioe Ngo, as Personal Representative of the Estate of Johannas Jap, Deceased;<br><br>Hairil Laksmono, as Personal Representative of the Estate of Rissa Dwivianti Octarissa, Deceased;<br><br>Tan Hee Jong, as Personal Representative of the Estate of Ti Teow Chuan, Deceased;<br><br>Ummi Natsiroh Harahap, as Personal Representative of the Estate of Abdul Halim Harahap, Deceased;<br><br>Ummi Natsiroh Harahap, as Personal Representative of the Estate of Hafsah, Deceased;<br><br>Lindawaty Nadeak, as Personal Representative of the Estate of Evans Manumpak Sinaga, Deceased; | U.S. District Court for the Western District of Washington, Seattle Division | C-07-1907 | Thomas S. Zilly |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Ria Desi N. Hutapea, as Personal Representative of the Estate of Feri Donald Sinurat, Deceased; | | | |
| Syarifah Silangit, as Personal Representative of the Estate of H. Syaiful Bahri Dahra, Deceased; | | | |
| Syarifah Silangit, as Personal Representative of the Estate of Nurhidayah Desrainy Purba, Deceased; | | | |
| H.T. Hussein, as Personal Representative of the Estate of Hj. Rohana, Deceased; | | | |
| Nurainun, as Personal Representative of the Estate of Ir. Totok Mariyanto, Deceased; | | | |
| Johannes Larry Kurniawan Sibarani, as Personal Representative of the Estate of Lawrence Sibarani, Deceased | | | |
| Sabaruddin Rambe, as Personal Representative of the Estate of Prizani Anggita Rambe, Deceased; | | | |
| Vincent D. Bangun, as Personal Representative of the Estate of Rosianna Surbakti, Deceased; | | | |
| Agustina, as Personal Representative of the Estate of Surya Miga, Deceased; | | | |
| Eliani, as Personal Representative of the Estate of Abdul Hakim Batubara, Deceased; | | | |
| Ratnawati Br Sembiring, as Personal Representative of the Estate of Agus Sinulingga, Deceased; | | | |
| Binara Br. Surbakti, as Personal Representative of the Estate of Bengkel | | | |

**52**

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Tarigan, Deceased;<br><br>Eka Sari, as Personal Representative of the Estate of Hj. Mariani, Deceased;<br><br>Rohani, as Personal Representative of the Estate of Rajamin, Deceased;<br><br>Vivi Novika, as Personal Representative of the Estate of Rampe Br. Sembiring, Deceased;<br><br>Terang Malem Sembiring, as Personal Representative of the Estate of Rosmawati Br. Sinuraya, Deceased;<br><br>Peraten Br. Sembiring, as Personal Representative of the Estate of Selamat Ginting, Deceased;<br><br>Rama Suli Ni Tuahta Sinulingga, as Personal Representative of the Estate of Sentosa Sinulingga, Deceased;<br><br>Rama Suli Ni Tuahta Sinulingga, as Personal Representative of the Estate of Nurland Br. Sembiring, Deceased;<br><br>Jalimar Sinurat, as Personal Representative of the Estate of Siti Marlina Br. Sinurat, Deceased;<br><br>Waspada Sinulingga, as Personal Representative of the Estate of Sri Elvina Ginting, Deceased;<br><br>Rohadi kamsah Sitepu;<br><br>Kawan Menanti Manullang, as guardian of Fanroy Manullang, minor;<br><br>Ingam Malem Br. Ginting;<br><br>Iyan Efendi F. Tarigan; | | | |

**53**

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Marsita Sinaga;<br><br>Prosensius Sinaga;<br><br>Dewi Frista Sitorus ;<br><br>Talenta Bangun<br><br>     **Defendants:**<br><br>The Boeing Company;<br><br>United Technologies Corporation | | | |

# EXHIBIT D

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In Re:

AIR CRASH AT MEDAN, INDONESIA ON

SEPTEMBER 5, 2005

MDL Docket No. ____

### CORPORATE DISCLOUSRE STATEMENT OF THE BOEING COMPANY

Pursuant to Rule 5.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Boeing Company hereby makes the following disclosures:

Boeing has no parent corporation. No publicly held corporation owns 10% or more of Boeing's stock. State Street Bank & Trust is the trustee for the various Boeing employees' investment plans and beneficially owns more than 10% of Boeing's stock. State Street Bank & Trust is a subsidiary of State Street Corporation, which is a publicly traded corporation.

DATED: December 18, 2007.

THE BOEING COMPANY

*Allison Kendrick*

Keith Gerrard
Allison Kendrick
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, Washington 98101-3099
(206) 359-8000

1

# EXHIBIT E

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In Re:

MDL Docket No. ____

AIR CRASH AT MEDAN, INDONESIA ON

SEPTEMBER 5, 2005

## <u>PROOF OF SERVICE</u>

I certify that on December 18, 2007, copies of this Proof of Service and the following

documents:

1.    The Boeing Company's Motion to Transfer for Coordinated or Consolidated
Pre-Trial Proceedgins Pursuant to 28 U.S.C. § 1407;

2.    The Boeing Company's Memorandum in Support of Motion for Transfer
Pursuant to 28 U.S.C. § 1407;

3.    Schedule of Actions; and

4.    Corporate Disclosure Statement of The Boeing Company

were mailed via first class mail, postage prepaid on the attorneys listed below:

| | |
|---|---|
| **Counsel for Plaintiffs in** *Adi*, **et al. (07 C 4954)** | Floyd A. Wisner<br>WISNER LAW FIRM<br>934 S. 4th St.<br>St. Charles, IL 60174<br>Phone: (630) 513-9434<br>Fax: (630) 510-6287 |
| **Counsel for Plaintiffs in** *Adiputra*, **et al. (07 C 0250)** | Brian J. Lawler<br>LIEFF GLOBAL LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Phone: (415) 788-8000<br>Fax: (415) 956-1008 |
| | Robert J. Nelson, Esq.<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, California 94111-3336<br>Phone: (415) 956-1000<br>Fax: (415) 956-1008 |
| | Floyd A. Wisner<br>WISNER LAW FIRM<br>934 S. 4th St.<br>St. Charles, IL 60174<br>Phone: (630) 513-9434<br>Fax: (630) 510-6287 |

| | |
|---|---|
| **Counsel for Plaintiffs in** *Justyantoro,* **et al. (07 C 1387)** *Zu,* **et al. (07 C 4845)** | Joseph A. Power, Jr. Todd A. Smith Brian LaCien POWER, ROGERS & SMITH, P.C. 70 W. Madison St., Suite 5500 Chicago, IL 60602 Phone: (312) 236-9381 Fax: (312) 236-0920 |
| **Counsel for Plaintiffs in** *Kusumo,* **et al (07-5738)** | Raymond Paul Johnson Michelle M. West RAYMOND PAUL JOHNSON, A LAW CORPORATION 2121 Rosecrans Ave., Suite 3400 El Segundo, CA 90245 |
| | Lewis S. Edison Curtis B. Miner COLSON HICKS EDISON 225 Aragon Avenue Coral Gables, FL 33134 |
| **Counsel for Plaintiffs in** *Laksono,* **et al. (07-CV-1907)** | James S. Rogers ROGERS & FLECK PLLC 1500 Fourth Ave., Suite 500 Seattle, WA 98101 |
| **Counsel for Defendant** *United Technologies Corporation* | William F. DeYoung Loretto M. Kennedy Chuhak & Tecson 30 S. Wacker Drive, Suite 2600 Chicago, IL 60606 Phone: (312) 444-9300 Fax: (312) 444-9027 |

I further certify that on December 18, 2007 the foregoing documents were filed electronically with the Clerk of Court for the U.S. District Court for the Northern District of Illinois, the U.S. District Court for the Central District of California, and the U.S. District Court for the Western District of Washington.

DATED: December 18, 2007

**DEFENDANT THE BOEING COMPANY**

By *allison Kendrick*

Keith Gerrard
Allison Kendrick
PERKINS COIE LLP
1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 359-8000

1

**PROOF OF SERVICE - MAIL**

2

3      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          I am and was at all times herein mentioned employed in the County of Los Angeles, State
       of California. I am over the age of 18 years and not a party to the within action or proceeding.
5      My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

6          On December 18, 2007, I served a true copies of the following document(s): **NOTICE
7      OF MOTION TO TRANSFER FILED WITH JUDICIAL PANEL OF
       MULTIDISTRICT LITIGATION PURSUANT TO 28 U.S.C. § 1407** on the interested
8      parties in this action by placing said documents enclosed in a sealed envelope (for collection and
       mailing, with postage thereon fully prepaid, on the same date, following ordinary business
9      practices) in an internal collection basket, addressed as follows:

10

11         Counsel for Plaintiffs                          Counsel for Defendant
                                                           United Technologies Corporation
12         Raymond Paul Johnson, Esq.
           Michelle M. West, Esq.                          William F. DeYoung, Esq.
13         RAYMOND PAUL JOHNSON, A LAW                     Loretto M. Kennedy, Esq.
           CORPORATION                                     CHUHAK & TECSON
14         2121 Rosecrans Ave., Suite 3400                 30 S. Wacker Dr., Suite 2600
           El Segundo, CA 90245                            Chicago, IL 60606
15         Tel.: (310) 246-9300 / Fax: (310) 640-1900      Tel.: (312) 444-9300 / Fax: (312) 444-9027

16         Lewis S. Eidson, Esq.
17         Curtis B. Miner, Esq.
           COLSON HICKS EIDSON
18         225 Aragon Ave.
           Coral Gables, FL 33134
19         Tel.: (305) 476-7400 / Fax: (305) 476-7444

20         I am readily familiar with this business's practices concerning collection and processing of
21     correspondence for mailing with the United States Postal Service, and declare that
       correspondence is deposited with the United States Postal Service on the same day it is internally
22     collected at Perkins Coie LLP in the ordinary course of business.

23         I declare under penalty of perjury under the laws of the State of California that the
       foregoing is true and correct; that I am employed in the office of a member of the Bar of this
24     Court at whose direction this service was made; and that this Proof of Service was executed on
       December 18, 2007, at Santa Monica, California.
25

26                                                     MICHELLE C. JACKSON

27

28

01038-4931/LEGAL13812395.1

**NOTICE OF MOTION TO TRANSFER**

Name and address
Raymond Paul Johnson (SBN 110784)
Michelle M. West (SBN 228737)
Raymond Paul Johnson, A Law Corporation
2121 Rosecrans Avenue, Suite 3400
El Segundo, California 90245
Tel: (310) 246-9300 / Fax: (310) 640-1900

LODGED PROPOSED
ORDER

08C 2358

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

2007 DEC 18  PH 4: 41

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

WILLY KUSUMO, as Personal Representative of the Estate
of WILSON KUSUMO, Deceased; PITER KUSUMO,
individually; and TJEN GUI NAM, individually,

Plaintiffs,

vs.

THE BOEING COMPANY, a Delaware corporation;
UNITED TECHNOLOGIES CORP., a Delaware corporation;
and SRI MURNI DJOKO,

Defendants.

CASE NUMBER

CV07- 5738 R (MANx)

APPLICATION OF NON-RESIDENT ATTORNEY
TO APPEAR IN A SPECIFIC CASE

NOTICE:   Effective June 1, 2004, the fee for *Pro Hac Vice* Appearance is $185.00 for **each case** application. Please submit
the fee with your application. Pursuant to Local Rule 83-2.4, submission of this application and the fee is waived
for attorneys for the United States, its departments and agencies with Appointment Affidavits on file with the
Clerk. If no Appointment Affidavit is on file, submission of the application is required.
*To receive orders and judgements by e-mail, complete and return the Optical Scanning Enrollment form
(G-76), available on the court's website at www.cacd.uscourts.gov.*

I, _____ CURTIS B. MINER _____ , hereby apply to the Court under Local Rule 83-2.8.2
for permission to appear and participate in the above-entitled action on behalf of ☑ Plaintiff    ☐ Defendant:
_____ by whom I have been retained.

My *out-of-state* business information is as follows:

Colson Hicks Eidson
*Firm Name*
255 Aragon Avenue
*Street Address*

| | |
|---|---|
| Coral Gables, Florida 33134 | curt@colson.com |
| *City, State, Zip* | *E-Mail Address* |
| 305 476-7400 | 305 476-7444 |
| *Telephone Number* | *Fax Number* |

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date of Admission |
|---|---|
| New York | 1995 |
| U.S. District Court - Southern & Eastern Districts of New York | 1995 |
| Florida | 2004 |
| U.S. District Court - Southern District of Florida | 2005 |
| U.S. District Court - Middle District of Florida | 2005 |
| U.S. Court of Appeals, Eleventh Circuit - Atlanta, GA | 2005 |
| Supreme Court of the United States - Washington, DC | 2007 |

I am not a resident of, nor am I regularly employed, engaged in business, profession, or other activities in the State of
California. I am not currently suspended or disbarred in any court.

DOCKETED ON CM

DEC 2 0 2007

DEC 1 8 2007
CENTRAL DISTRICT
COURT 4612

004030

I have concurrently, or within three (3) years of this application, made *Pro Hac Vice* applications to this Court in the following actions;

| Case Number | Title of Action | Date of Application | Application Granted or Denied |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

If any *Pro Hac Vice* applications submitted within three (3) years of this application have been denied by the Court, please explain:

I designate _____ Raymond Paul Johnson, Esquire _____ as local counsel, whose business information is as follows:

Raymond Paul Johnson, a Law Corporation
*Firm Name*
2121 Rosecrans Avenue, Suite 3400
*Street Address*

El Segundo, California 90245                     www.rpjlawcorp.com
*City, State, Zip*                                *E-Mail Address*
(310) 246-9300                     (310) 640-1900
*Telephone Number*                 *Fax Number*

who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, as the attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of this case, and upon whom papers may be served.

I declare under penalty of perjury that the foregoing is true and correct and that I am familiar with the Local Rules, the Local Criminal Rules, the F.R. Civ. P., the F.R. Crim. P., and the F.R. Evidence.

Dated   11-27-07

Curtis B. Miner
*Applicant's Name (please print)*

*Applicant's Signature*

I hereby consent to the foregoing designation as local counsel.

Dated   12/11/07

Raymond Paul Johnson
*Designee's Name (please print)*

*Designee's Signature*
110784
*Designee's California State Bar Number*

**NOTE: COUNSEL AND PARTIES ARE REMINDED TO SUBMIT A COMPLETED *ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE* (G-64 ORDER) ALONG WITH THIS APPLICATION.**

Name and address
Raymond Paul Johnson (SBN 110784)
Michelle M. West (SBN 228737)
Raymond Paul Johnson, A Law Corporation
2121 Rosecrans Avenue, Suite 3400
El Segundo, California 90245
Tel: (310) 246-9300 / Fax: (310) 640-1900

LODGED PROPOSED ORDER

08 C 2358

2007 DEC 18 PM 4:43

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

FILED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

WILLY KUSUMO, as Personal Representative of the Estate
of WILSON KUSUMO, Deceased; PITER KUSUMO,
individually; and TJEN GUI NAM, individually,

                         **Plaintiffs,**

      vs.

THE BOEING COMPANY, a Delaware corporation;
UNITED TECHNOLOGIES CORP., a Delaware corporation;
and SRI MURNI DJOKO,
                         **Defendants.**

CASE NUMBER

    CV07-5738 **R** (MANx)

APPLICATION OF NON-RESIDENT ATTORNEY
TO APPEAR IN A SPECIFIC CASE

NOTICE:    Effective June 1, 2004, the fee for *Pro Hac Vice* Appearance is $185.00 for **each case** application. Please submit
the fee with your application. Pursuant to Local Rule 83-2.4, submission of this application and the fee is waived
for attorneys for the United States, its departments and agencies with Appointment Affidavits on file with the
Clerk. If no Appointment Affidavit is on file, submission of the application is required.
***To receive orders and judgements by e-mail, complete and return the Optical Scanning Enrollment form
(G-76), available on the court's website at www.cacd.uscourts.gov.***

I, _____ LEWIS S. EIDSON _____ , hereby apply to the Court under Local Rule 83-2.8.2
for permission to appear and participate in the above-entitled action on behalf of ☑ Plaintiff    ☐ Defendant:
_____ by whom I have been retained.

My *out-of-state* business information is as follows:
                    COLSON HICKS EIDSON
                        *Firm Name*
                    255 Aragon Avenue
                     *Street Address*

| Coral Gables, Florida 33134 | mike@colson.com |
|---|---|
| *City, State, Zip* | *E-Mail Address* |
| 305 476-7400 | 305 476-7444 |
| *Telephone Number* | *Fax Number* |

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date of Admission |
|---|---|
| Georgia | 1971 |
| Florida | 1972 |
| U.S. District Court - Southern District of Florida | 1983 |
| U.S. District Court - Middle District of Florida | 1989 |
| U.S. Court of Appeals, Eleventh Circuit - Atlanta, GA | 2005 |

I am not a resident of, nor am I regularly employed, engaged in business, professional or other activities in the State of
California. I am not currently suspended or disbarred in any court.

DOCKETED ON CM
DEC 20 2007
BY

DEC 18 2007

004029

I have concurrently, or within three (3) years of this application, made *Pro Hac Vice* applications to this Court in the following actions:

| Case Number | Title of Action | Date of Application | Application Granted or Denied |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

If any *Pro Hac Vice* applications submitted within three (3) years of this application have been denied by the Court, please explain:

I designate _____ Raymond Paul Johnson _____ as local counsel, whose business information is as follows:

Raymond Paul Johnson, A Law Corporation
*Firm Name*
2121 Rosecrans Avenue, Suite 3400
*Street Address*

El Segundo, California 90245                          RPJohnson@rpjlawcorp.com
*City, State, Zip*                                                  *E-Mail Address*
(310) 246-9300                                               (310) 640-1900
*Telephone Number*                                        *Fax Number*

who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, as the attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of this case, and upon whom papers may be served.

I declare under penalty of perjury that the foregoing is true and correct and that I am familiar with the Local Rules, the Local Criminal Rules, the F.R. Civ. P., the F.R. Crim. P., and the F.R. Evidence.

Dated ___11/28/07___

LEWIS S. EIDSON
*Applicant's Name (please print)*

*Applicant's Signature*

I hereby consent to the foregoing designation as local counsel.

Dated ___12/11/07___

Raymond Paul Johnson
*Designee's Name (please print)*

*Designee's Signature*
110784
*Designee's California State Bar Number*

**NOTE: COUNSEL AND PARTIES ARE REMINDED TO SUBMIT A COMPLETED *ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE* (G-64 ORDER) ALONG WITH THIS APPLICATION.**

1   Garth W. Aubert, SBN 162877
    Mark R. Irvine, SBN  137294
2   **MENDES & MOUNT, LLP**
    445 South Figueroa Street, 38th Floor
3   Los Angeles, CA  90071
    Tel:  (213) 955-7700 / Fax:  (213) 955-7725
4   Garth.Aubert@mendes.com
    Mark.Irvine@mendes.com
5

6   Attorneys for Defendant
    United Technologies Corp.
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   WILLY KUSUMO, as Personal          )   CASE NO.  07-05738 R (MANx)
     Representative of Estate of Wilson )
12   Kusumo, Deceased; PITER KUSUMO,)      **ANSWER OF UNITED**
     individually; and TJEN GUI NAM,   )   **TECHNOLOGIES CORP. TO**
13   individually                      )   **PLAINTIFFS' COMPLAINT**
                                        )
14                Plaintiffs            )
                                        )
15        v.                            )
                                        )
16                                      )
     THE BOEING COMPANY, a              )
17   Delaware corporation; UNITED       )
     TECHNOLOGIES CORP., a Delaware )
18   corporation; and SRI MURNI DJOKO, )
                                        )
19                Defendants.           )
                                        )
20   _____)

21        Defendant United Technologies Corp. ("UTC") answers Plaintiffs' Complaint

22   as follows: UTC denies every allegation in Plaintiffs' Complaint, except as

23   hereinafter specifically admitted, qualified, or otherwise answered.

24

25

26

27

28

                                      1
---
Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  **I.    GENERAL ALLEGATIONS**

2      1.    The allegations in paragraph 1 consist of legal conclusions to which
3  no response is required.  If a response is required, UTC admits that this Court has
4  jurisdiction over this matter pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1332,
5  but denies that any district in the United States is a convenient forum for litigating
6  plaintiffs' claims, as they should be resolved by the courts of Indonesia.

7      2.    The allegations in paragraph 2 consist of legal conclusions to which
8  no response is required.  If a response is required, UTC denies that any district in
9  the United States is a convenient forum for litigating plaintiffs' claims, as they
10 should be resolved by the courts of Indonesia.

11      3.    UTC admits that plaintiffs seek recovery for damages allegedly
12 suffered as a result of the September 5, 2005 crash upon takeoff of a 737 model
13 aircraft being operated by Mandala Airlines as Flight 91; and that the Aircraft was
14 designed and manufactured by Boeing (the "Aircraft"), and was equipped with two
15 Pratt & Whitney JT8D-15 engines (the "Engines").  UTC denies the remaining
16 allegations in paragraph 3.

17      4.    UTC lacks knowledge or information sufficient to form a belief as to
18 the truth of the allegations relating to plaintiffs' relationship to passengers on the
19 Aircraft.   UTC admits that plaintiffs assert claims against defendants for
20 negligence and strict liability, but denies the substance of those claims.   UTC
21 denies the remaining allegations in paragraph 4.

22      5.    UTC lacks knowledge or information sufficient to form a belief as to
23 the truth of the allegations in paragraph 5, and therefore denies them.

24      6.    UTC lacks knowledge or information sufficient to form a belief as to
25 the truth of the allegations in paragraph 6 relating to plaintiffs' relationship to
26 Wilson Kusumo and the allegations relating to plaintiffs' citizenship and residency,
27 and therefore denies them.  The remaining allegations in paragraph 6 consist of
28 legal conclusions to which no response is required.

2

1       7.    UTC lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations in paragraph 7, and therefore denies them.

3       8.    Paragraph 8 consists of legal conclusions to which no response is

4 required. To the extent a response to these allegations is required, UTC lacks

5 knowledge or information sufficient to form a belief as to the truth of the

6 allegations, and therefore denies them.

7       9.    Paragraph 9 consists of legal conclusions to which no response is

8 required. To the extent a response to these allegations is required, UTC lacks

9 knowledge or information sufficient to form a belief as to the truth of the

10 allegations, and therefore denies them.

11       10.   Paragraph 10 consists of legal conclusions to which no response is

12 required. To the extent a response to these allegations is required, UTC lacks

13 knowledge or information sufficient to form a belief as to the truth of the

14 allegations, and therefore denies them.

15       11.   UTC lacks knowledge or information sufficient to form a belief as to

16 the truth of the allegations in paragraph 11 relating to the marital status, citizenship

17 and residency of Sri Murni Djoko, and therefore denies them. The remaining

18 allegations in paragraph 11 consist of legal conclusions to which no response is

19 required. To the extent a response to these allegations is required, UTC lacks

20 knowledge or information sufficient to form a belief as to the truth of the

21 allegations, and therefore denies them.

22       12.   UTC lacks knowledge or information sufficient to form a belief as to

23 the truth of the allegations in paragraph 1 relating to whether Sri Murno Djoko has

24 consented to be joined as a plaintiff in this action, and therefore denies them. The

25 remaining allegations in paragraph 12 consist of legal conclusions to which no

26 response is required. To the extent a response to these allegations is required, UTC

27 lacks knowledge or information sufficient to form a belief as to the truth of the

28 allegations, and therefore denies them.

3

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1    13.   The allegations in paragraph 13 are directed toward another defendant and

2  do not require a response from UTC.  To the extent  response is required, UTC lacks

3  knowledge or information sufficient to form a belief as to the truth of the

4  allegations in paragraph 13, and therefore denies them.

5    14.   UTC admits that it is a Delaware corporation with its principal place

6  of business in Connecticut, and that the Engines on the subject Aircraft were

7  designed, manufactured and supported by the Pratt & Whitney division of UTC.

8    15.   The allegations in paragraph 15 are directed toward another defendant

9  and do not require a response from UTC.  To the extent a response is required,

10  UTC lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations in paragraph 15, and therefore denies them.

12    16.   UTC admits that it is registered to do business in the State of

13  California and conducts business in California.   UTC denies the remaining

14  allegations in paragraph 16.

15    17.   UTC admits that on September 5, 2005, a Boeing 737 with

16  registration PK-RIM operated as Mandala Airlines Flight 91 crashed on takeoff

17  from Medan-Polonia airport and into a nearby neighborhood, causing a fire.

18  Except as expressly admitted, UTC lacks knowledge or information sufficient to

19  form a belief as to the truth of the allegations contained in paragraph 17, and

20  therefore denies them.

21    18.   UTC lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations in paragraph 18 and therefore denies them.

23    19.   UTC admits that the United States, as represented by an Accredited

24  Representative from the U.S. National Transportation Safety Board, has provided

25  assistance to the Indonesian governmental authorities responsible for the accident

26  investigation; that, as a technical advisor to the U.S. Accredited Representative,

27  UTC sent a representative to Indonesia to assist in the early phases of the

28  investigation; that the Flight Data Recorder and Cockpit Voice Recorder were sent

4

1   to the United States for analysis under the direction of the Indonesian authorities
2   and that the data were provided to the Indonesian authorities; and that the
3   Indonesian authorities have not yet issued the final accident investigation report.
4   Except as expressly admitted, UTC lacks knowledge or information sufficient to
5   form a belief as to the truth of the allegations in paragraph 19, and therefore denies
6   them.

### FIRST CASE OF ACTION AGAINST ALL DEFENDANTS
### FOR STRICT LIABILITY

9   20.    UTC incorporates by reference its responses to paragraphs 1 through
10  19 as stated above.

11  21.    The allegations in paragraph 21 are directed to another defendant and
12  do not require a response from UTC.  To the extent a response is required, UTC
13  lacks knowledge or information sufficient to form a belief as to the truth of the
14  allegations in paragraph 21, and therefore denies them.

15  22.    UTC lacks knowledge and information sufficient to form a belief as to
16  the truth of the allegations in paragraph 22, and therefore denies them.

17  23.    The allegations in paragraph 23, including subparts, are directed to
18  another defendant and do not require a response from UTC.  To the extent a
19  response is required, UTC lacks knowledge or information sufficient to form a
20  belief as to the truth of the allegations in paragraph 23, and therefore denies them.

21  24.    The allegations in paragraph 24 are directed to another defendant and
22  do not require a response from UTC.  To the extent a response is required, UTC
23  lacks knowledge or information sufficient to form a belief as to the truth of the
24  allegations in paragraph 24, and therefore denies them.

25  25.    The allegations in paragraph 25 are directed to another defendant and
26  do not require a response from UTC.  To the extent a response is required, UTC
27  lacks knowledge or information sufficient to form a belief as to the truth of the
28  allegations in paragraph 25, and therefore denies them.

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1    26. The allegations in paragraph 26 are directed to another defendant and

2 do not require a response from UTC.  To the extent a response is required, UTC

3 lacks knowledge or information sufficient to form a belief as to the truth of the

4 allegations in paragraph 26, and therefore denies them.

5    27. The allegations in paragraph 27 are directed to another defendant and

6 do not require a response from UTC.  To the extent a response is required, UTC

7 lacks knowledge or information sufficient to form a belief as to the truth of the

8 allegations in paragraph 27, and therefore denies them.

9    28. The allegations in paragraph 28 are directed to another defendant and

10 do not require a response from UTC.  To the extent a response is required, UTC

11 lacks knowledge or information sufficient to form a belief as to the truth of the

12 allegations in paragraph 28, and therefore denies them.

13    29. The allegations in paragraph 29 are directed to another defendant and

14 do not require a response from UTC.  To the extent a response is required, UTC

15 lacks knowledge or information sufficient to form a belief as to the truth of the

16 allegations in paragraph 29, and therefore denies them.

17    30. The allegations in paragraph 30 are directed to another defendant and

18 do not require a response from UTC.  To the extent a response is required, UTC

19 lacks knowledge or information sufficient to form a belief as to the truth of the

20 allegations in paragraph 30, and therefore denies them.

21    31. The allegations in paragraph 31 are directed to another defendant and

22 do not require a response from UTC.  To the extent a response is required, UTC

23 lacks knowledge or information sufficient to form a belief as to the truth of the

24 allegations in paragraph 31, and therefore denies them.

25    32. The allegations in paragraph 32 are directed to another defendant and

26 do not require a response from UTC.  To the extent a response is required, UTC

27 lacks knowledge or information sufficient to form a belief as to the truth of the

28 allegations in paragraph 32, and therefore denies them.

6

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1      33.    UTC admits that the Pratt & Whitney division of UTC designed,

2  manufactured, tested, inspected, marketed and/or distributed the Engines.  UTC

3  denies the remaining allegations in paragraph 33.

4      34.    UTC lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations in paragraph 34, and therefore denies them.

6      35.    UTC denies the allegations in paragraph 35.

7      36.    UTC denies the allegations in paragraph 36.

8      37.    UTC denies the allegations in paragraph 37.

9      38.    UTC denies the allegations in paragraph 38.

10      39.    UTC denies the allegations in paragraph 39.

11      40.    UTC denies the allegations in paragraph 40.

12      41.    UTC denies the allegations in paragraph 41.

13      42.    UTC denies the allegations in paragraph 42.

14      43.    UTC denies the allegations in paragraph 43.

15      44.    UTC denies the allegations in paragraph 44.

16      45.    The allegations in paragraph 45 that are directed to another defendant

17  do not require a response from UTC.  To the extent a response to these allegations

18  is required, UTC lacks knowledge or information sufficient to form a belief as to

19  their truth, and therefore denies them.  UTC denies the remaining allegations in

20  paragraph 45.

21      46.    The allegations in paragraph 46 that are directed to another defendant

22  do not require a response from UTC.  To the extent a response to these allegations

23  is required, UTC lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  UTC denies the remaining allegations in

25  paragraph 46.

26      47.    The allegations in paragraph 47 that are directed to another defendant

27  do not require a response from UTC.  To the extent a response to these allegations

28  is required, UTC lacks knowledge or information sufficient to form a belief as to

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  their truth, and therefore denies them.  UTC denies the remaining allegations in
2  paragraph 47.

3       48.    The allegations in paragraph 48 that are directed to another defendant
4  do not require a response from UTC.  To the extent a response to these allegations
5  is required, UTC lacks knowledge or information sufficient to form a belief as to
6  their truth.  UTC denies the remaining allegations in paragraph 48.

7              **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
8                           **FOR NEGLIGENCE**

9       49.    UTC incorporates by reference its responses to paragraphs 1 through
10  48 as stated above.

11      50.    The allegations in paragraph 50 are directed to another defendant and
12  do not require a response from UTC.  To the extent a response is required, UTC
13  lacks knowledge or information sufficient to form a belief as to the truth of the
14  allegations in paragraph 50, and therefore denies them.

15      51.    The allegations in paragraph 51 are directed to another defendant and
16  do not require a response from UTC.  To the extent a response is required, UTC
17  lacks knowledge or information sufficient to form a belief as to the truth of the
18  allegations in paragraph 51, and therefore denies them.

19      52.    The allegations in paragraph 52 are directed to another defendant and
20  do not require a response from UTC.  To the extent a response is required, UTC
21  lacks knowledge or information sufficient to form a belief as to the truth of the
22  allegations in paragraph 52, and therefore denies them.

23      53.    The allegations in paragraph 53 are directed to another defendant and
24  do not require a response from UTC.  To the extent a response is required, UTC
25  lacks knowledge or information sufficient to form a belief as to the truth of the
26  allegations in paragraph 53, and therefore denies them.

27      54.    The allegations in paragraph 54 are directed to another defendant and
28  do not require a response from UTC.  To the extent a response is required, UTC

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  lacks knowledge or information sufficient to form a belief as to the truth of the
2  allegations in paragraph 54, and therefore denies them.

3      55.    The allegations in paragraph 55 are directed to another defendant and
4  do not require a response from UTC.  To the extent a response is required, UTC
5  lacks knowledge or information sufficient to form a belief as to the truth of the
6  allegations in paragraph 55, and therefore denies them.

7      56.    The allegations in paragraph 56 are directed to another defendant and
8  do not require a response from UTC.  To the extent a response is required, UTC
9  lacks knowledge or information sufficient to form a belief as to the truth of the
10  allegations in paragraph 56, and therefore denies them.

11      57.    The allegations in paragraph 57 are directed to another defendant and
12  do not require a response from UTC.  To the extent a response is required, UTC
13  lacks knowledge or information sufficient to form a belief as to the truth of the
14  allegations in paragraph 57, and therefore denies them.

15      58.    The allegations in paragraph 58 are directed to another defendant and
16  do not require a response from UTC.  To the extent a response is required, UTC
17  lacks knowledge or information sufficient to form a belief as to the truth of the
18  allegations in paragraph 58, and therefore denies them.

19      59.    The allegations in paragraph 59 are directed to another defendant and
20  do not require a response from UTC.  To the extent a response is required, UTC
21  lacks knowledge or information sufficient to form a belief as to the truth of the
22  allegations in paragraph 59, and therefore denies them.

23      60.    The allegations in paragraph 60 are directed to another defendant and
24  do not require a response from UTC.  To the extent a response is required, UTC
25  lacks knowledge or information sufficient to form a belief as to the truth of the
26  allegations in paragraph 60, and therefore denies them.

27      61.    Paragraph 61 consists of legal conclusions to which no response is
28  required.

9

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1      62.    UTC admits generally that it makes available to its customers certain
2  technical support for its engines, including but not limited to service bulletins,
3  technical advisories, engine parts, and engineering and training personnel.  UTC
4  does not have knowledge or information sufficient to form a belief as to the truth
5  of whether or not Mandala Airlines requested and/or received any technical
6  support generally available to UTC customers.   UTC denies the remaining
7  allegations in paragraph 62.

8      63.    UTC denies the allegations in paragraph 63.
9      64.    UTC denies the allegations in paragraph 64.
10     65.    UTC denies the allegations in paragraph 65.
11     66.    UTC denies the allegations in paragraph 66.
12     67.    UTC denies the allegations in paragraph 67.
13     68.    UTC denies the allegations in paragraph 68.
14     69.    UTC denies the allegations in paragraph 69.
15     70.    UTC denies the allegations in paragraph 70.

16     71.    The allegations in paragraph 71 that are directed to another defendant
17  do not require a response from UTC.  To the extent a response to these allegations
18  is required, UTC lacks knowledge or information sufficient to form a belief as to
19  their truth, and therefore denies them.  UTC denies the remaining allegations in
20  paragraph 71.

21     72.    The allegations in paragraph 72 that are directed to another defendant
22  do not require a response from UTC.  To the extent a response to these allegations
23  is required, UTC lacks knowledge or information sufficient to form a belief as to
24  their truth, and therefore denies them.  UTC denies the remaining allegations in
25  paragraph 72.

26     73.    The allegations in paragraph 73 that are directed to another defendant
27  do not require a response from UTC.  To the extent a response to these allegations
28  is required, UTC lacks knowledge or information sufficient to form a belief as to

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  their truth, and therefore denies them.  UTC denies the remaining allegations in
2  paragraph 73.

3       74.    The allegations in paragraph 74 that are directed to another defendant
4  do not require a response from UTC.  To the extent a response to these allegations
5  is required, UTC lacks knowledge or information sufficient to form a belief as to
6  their truth.  UTC denies the remaining allegations in paragraph 74.

7            **THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
8            **FOR CONTINUATION OF DECEDENT'S CAUSES OF ACTION**
9                           **(SURVIVAL ACTION)**

10      75.    UTC incorporates by reference its responses to paragraphs 1 through
11  74 as stated above.

12      76.    UTC lacks knowledge or information sufficient form a belief as to the
13  truth of the allegation that Wilson Kusumo was fatally injured in the accident, and
14  therefore denies them.  UTC denies the remaining allegations in paragraph 76.

15      77.    UTC lacks knowledge or information sufficient to form a belief as to
16  the allegations relating to the injuries allegedly suffered by Wilson Kusumo, and
17  therefore denies them.  UTC denies the remaining allegations in paragraph 77.

18      78.    UTC lacks knowledge or information sufficient to form a belief as to
19  the truth of the allegations in paragraph 78, and therefore denies them.

20      79.    UTC lacks knowledge or information sufficient to form a belief as to
21  the truth of the allegations in paragraph 79, and therefore denies them.

22      80.    UTC lacks knowledge or information sufficient to form a belief as to
23  the truth of the allegations regarding the death of Wilson Kusumo, including the
24  timing thereof, and therefore denies them.  UTC reincorporates by reference its
25  prior responses to the referenced "foregoing causes of action."

26      81.    Paragraph 81 consists of legal conclusions to which no response is
27  required.  To the extent a response to these allegations is required, UTC lacks

28

---

11

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  knowledge or information sufficient to form a belief as to their truth, and therefore
2  denies them.

3      82.    Paragraph 82 consists of legal conclusions to which no response is
4  required.  To the extent a response to these allegations is required, UTC lacks
5  knowledge or information sufficient to form a belief as to their truth, and therefore
6  denies them.

7      83.    Paragraph 83 consists of legal conclusions to which no response is
8  required.  To the extent a response to these allegations is required, UTC lacks
9  knowledge or information sufficient to form a belief as to their truth, and therefore
10  denies them.

11      84.    The allegations in paragraph 84 that are directed to another defendant
12  do not require a response from UTC.  To the extent a response to these allegations
13  is required, UTC lacks knowledge or information sufficient to form a belief as to
14  their truth, and therefore denies them.  UTC denies the remaining allegations in
15  paragraph 84.

16      85.    The allegations in paragraph 85 that are directed to another defendant
17  do not require a response from UTC.  To the extent a response to these allegations
18  is required, UTC lacks knowledge or information sufficient to form a belief as to
19  their truth, and therefore denies them.  UTC denies the remaining allegations in
20  paragraph 85.

21      86.    The allegations in paragraph 86 that are directed to another defendant
22  do not require a response from UTC.  To the extent a response to these allegations
23  is required, UTC lacks knowledge or information sufficient to form a belief as to
24  their truth, and therefore denies them.  UTC denies the remaining allegations in
25  paragraph 86.

26  ///
27  ///
28  ///

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1         **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
2                    **FOR WRONGFUL DEATH**

3         87.     UTC incorporates by reference its responses to paragraphs 1 through
4 86 as stated above.

5         88.     Paragraph 88 consists of legal conclusions to which no response is
6 required. To the extent a response to these allegations is required, UTC lacks
7 knowledge or information sufficient to form a belief as to their truth, and therefore
8 denies them.

9         89.     UTC lacks knowledge or information sufficient to form a belief as to
10 the truth of the allegations in paragraph 89, and therefore denies them.

11         90.     UTC lacks knowledge or information sufficient to form a belief as to
12 the truth of the allegations in paragraph 90, and therefore denies them.

13         91.     UTC lacks knowledge or information sufficient to form a belief as to
14 the truth of the allegations in paragraph 91, and therefore denies them.

15         92.     The allegations in paragraph 92 that are directed to another defendant
16 do not require a response from UTC. To the extent a response to these allegations
17 is required, UTC lacks knowledge or information sufficient to form a belief as to
18 their truth, and therefore denies them. UTC denies the remaining allegations in
19 paragraph 92.

20         93.     The allegations in paragraph 93 that are directed to another defendant
21 do not require a response from UTC. To the extent a response to these allegations
22 is required, UTC lacks knowledge or information sufficient to form a belief as to
23 their truth, and therefore denies them. UTC denies the remaining allegations in
24 paragraph 93.

25         94.     The allegations in paragraph 94 that are directed to another defendant
26 do not require a response from UTC. To the extent a response to these allegations
27 is required, UTC lacks knowledge or information sufficient to form a belief as to

28

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1  their truth, and therefore denies them. UTC denies the remaining allegations in
2  paragraph 94.

3      95.    The allegations in paragraph 95 that are directed to another defendant
4  do not require a response from UTC. To the extent a response to these allegations
5  is required, UTC lacks knowledge or information sufficient to form a belief as to
6  their truth, and therefore denies them. UTC denies the remaining allegations in
7  paragraph 95.

8      Answering the allegations in Plaintiffs' Prayer, parts 1 through 10, UTC
9  denies that Plaintiffs are entitled to any relief from UTC.

10                 **SEPARATE AFFIRMATIVE DEFENSES**

11     As and for its affirmative defenses, UTC alleges as follows:

12     1.    The Complaint and all claims for relief alleged therein fail to state a
13  claim against UTC upon which relief can be granted.

14     2.    Plaintiffs' damages and the damages of Plaintiffs' decedent, if any,
15  were proximately caused by the acts or omissions of others over whom UTC had
16  no control or right of control, and which may include but are not limited to the
17  flight crew on Flight 91, the operator of Flight 91, and/or the airport operator, and
18  said acts or omissions were a superseding and sole, direct, and proximate cause of
19  Plaintiffs' damages and the damages of Plaintiffs' decedent, if any.

20     3.    If Plaintiffs or Plaintiffs' decedent were damaged by products
21  originally designed, manufactured, assembled, inspected, tested or sold by UTC,
22  those products were subsequently installed, removed, exchanged, altered,
23  modified, retrofitted, repaired, overhauled, remanufactured, improperly
24  maintained, or misused by persons and/or entities other than UTC, and over whom
25  UTC had no control or right of control, and such installation, removal, change,
26  alteration, repair, modification, retrofitting, overhauling, remanufacturing,
27  improper maintenance, or misuse proximately caused and contributed to the events
28  alleged in the Complaint and the resulting damages complained of, if any.

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1    4.   The subject Engines were certified as airworthy by the Federal
2    Aviation Administration and complied with all applicable codes, standards and
3    regulations of the United States and agencies thereof at the time they were
4    delivered.

5    5.   UTC complied with all applicable federal and state statutes and
6    administrative regulations existing at the time the Engines were manufactured and
7    all applicable standards for design, inspection, testing, warning, and manufacture.

8    6.   The design of the Engines at the time of delivery by UTC was
9    consistent with or exceeded the "state of the art" at the time of its design and
10   manufacture.

11   7.   The benefits of the design of the Engines and each component thereof
12   outweigh the risks associated therewith, if any.

13   8.   Third parties over whom UTC had no control altered and/or misused
14   the Aircraft and Engines, which parties may include but are not limited to the flight
15   crew on Flight 91, the operator of Flight 91 and the operator of the airport where
16   the accident occurred, and said acts or omissions were the sole, direct, and
17   proximate cause of the damages, if any, of Plaintiffs and Plaintiffs' decedent.

18   9.   UTC places in issue the negligence, fault, and responsibility of all
19   persons and entities that have contributed in any degree to the injuries and damages
20   alleged to have been sustained by Plaintiffs and Plaintiffs' decedent, which may
21   include but is not limited to the flight crew on Flight 91, the operator of Flight 91
22   and the operator of the airport where the accident occurred.  Judgment against
23   UTC, if any, should be diminished to an amount that represents only UTC's degree
24   of negligence, fault, or responsibility, if any.

25   10.   The Complaint and all claims for relief therein should be dismissed on
26   the ground that Plaintiffs have failed to join necessary and indispensable parties.
27   ///
28   ///

15

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

11. Any breach of warranty claim by Plaintiffs is barred, in whole or in part, by the absence of privity between Plaintiffs and/or Plaintiffs' decedent and UTC and/or by lack of proper notice to UTC.

12. Any breach of warranty claim by Plaintiffs is barred, in whole or in part, because UTC did not make any warranties to Plaintiffs or Plaintiffs' decedent with respect to the subject aircraft or any of its component parts.

13. Any breach of warranty claim by Plaintiffs is barred, in whole or in part, because Plaintiffs and Plaintiffs' decedent are not third-party beneficiaries of any warranties that UTC may have made.

14. Plaintiffs' rights to recovery, if any, are limited to or precluded by the warranty provisions, including limitations and disclaimer provisions, in UTC's contract of sale for the Engines, and/or documents relating thereto.

15. Any breach of warranty claim by Plaintiffs is barred because neither Plaintiffs nor Plaintiffs' decedent relied upon any warranty from UTC.

16. Any breach of warranty claim by Plaintiffs is barred because the subject products were not used in a reasonable manner appropriate to the purpose for which they were intended, and any damages allegedly sustained by Plaintiffs or Plaintiffs' decedent were solely and proximately caused by such improper use of the products.

17. UTC is informed and believes and based thereon alleges that the Plaintiffs' claims are pre-empted by federal law contained within the Federal Aviation Act and the Federal Aviation Regulations.

18. Plaintiffs may lack the capacity and/or standing to bring this action.

19. Plaintiffs' claims may be barred in whole or in part because they may have already received full satisfaction and/or compensation for their injuries and damages, if any, and their claims may be barred by virtue of prior settlements with respect to Plaintiffs' decedent and/or decedent's estate.

16

1     20.    With regard to claims by any Plaintiffs who may have been or whose

2  decedents may have been members of the Mandala Airlines crew on the Aircraft at

3  the time of the accident, recovery by those Plaintiffs is barred or should be reduced

4  by the applicable law because of the contributory negligence, contributory fault,

5  and/or assumption of the risk by those Plaintiffs or their decedents.

6     21.    Any award or judgment rendered in favor of Plaintiffs must be

7  reduced by the amount of benefits Plaintiffs received, or are entitled to receive,

8  from any source as a result of the deaths of their decedent.

9     22.    Plaintiffs' action may be governed, in whole or in part, by the laws of

10  jurisdictions other than California, including foreign law.  Pursuant to Rule 44.1 of

11  the Federal Rules of Civil Procedure, UTC hereby gives notice that it intends to

12  raise issues in this action concerning the law of a foreign country or countries.

13     23.    The Complaint and all claims for relief therein should be dismissed on

14  the ground of *forum non conveniens*.

15     24.    The Aircraft, including the Engines, were intended for and sold to a

16  knowledgeable and sophisticated user over whom UTC had no control.

17     25.    Plaintiffs' claims may be barred, in whole or in part, by the applicable

18  statute of repose.

19     26.    Plaintiffs' claims may be barred, in whole or in part, by the applicable

20  statutes of limitations.

21     27.    Plaintiffs' punitive damages claims are barred or limited by provisions

22  of the United States Constitution, state constitutions, or other applicable law,

23  including the laws of foreign countries, and including, without limitation,

24  proscriptions against double jeopardy and excessive fines and provisions assuring

25  due process of law and equal protection of the laws.

26     28.    If California law is found to apply to this action, in whole or in part,

27  the Fair Responsibility Act of 1986, codified at California Civil Code Section

28  1431.1 *et seq.*, if applicable, limits any damages governed thereby which are

17

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1   awarded to Plaintiffs and against UTC to that portion of Plaintiffs' non-economic

2   damages, if any, that are attributable to UTC's percentage of fault or liability, if

3   any.

4        29.    Venue is improper in this Court.

5        30.    Plaintiffs or their decedents have failed to use reasonable efforts to

6   mitigate their damages, if any, and failed to protect themselves from avoidable

7   consequences.

8        31.    The Complaint, and each purported cause of action therein, is barred,

9   in whole or in part, by res judicata, by release, and/or by the equitable doctrines of

10   laches, waiver, and/or estoppel.

11        32.    Plaintiffs' wrongful death claims may be barred because there may be

12   a defect or misjoinder of parties in this action, in that Plaintiffs may have failed to

13   name in their Complaint all proper plaintiffs as parties to the action.

14        33.    Plaintiffs' wrongful death claims against UTC may be barred by the

15   "single action rule," in that, to the extent Plaintiffs were omitted from a prior

16   wrongful death action, Plaintiffs' only remedy, if any, is against the wrongful death

17   claimants who joined in the prior action.

18        34.    Plaintiffs' Complaint is premature in that is was filed and served

19   before the investigation into the cause of the accident was complete. UTC reserves

20   the right to add those affirmative defenses which it deems necessary to its defense

21   during or upon the conclusion of investigation and discovery. UTC further

22   reserves the right to assert any additional affirmative defenses asserted by another

23   defendant and/or allowed by the law of the jurisdiction found to apply in this case.

24      **WHEREFORE**, Defendant UTC prays for judgment as follows:

25      1.    Plaintiffs take nothing from Defendant UTC by virtue of the

26   unverified Complaint;

27      2.    Defendant UTC be awarded its costs of suit herein; and

28

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo

1    3.    Defendant UTC be granted such other and further relief as the Court
2    may deem just and proper.

3

4    Dated: February 19, 2008          MENDES & MOUNT, LLP

5

6                                      By:_____
7                                          Garth W. Aubert
8                                          Attorneys for Defendant
                                           United Technologies Corp.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

Defendant UTC Answer to Plaintiffs' Complaint
236010.1 Answer Kusumo